### THE PEOPLE *vs.* LEVI JOHNSON.

In order to constitute the crime of receiving stolen goods, knowing them to have been stolen, the stolen property must be received feloniously, or with intent to secrete it from the owner, or in some other way to defraud him of the property.

In an indictment for such offence, it is not sufficient to allege that the defendant received the stolen property knowing it to be stolen, but it is necessary to aver that the property was so received with a felonious or fraudulent intent.

If there be no such averment in the indictment the defendant may avail himself of the defect, by demurrer, writ of error, or motion in arrest of judgment.

The defendant was tried and convicted at the Madison county Oyer and Terminer in October, 1853, and sentenced to two years imprisonment in the state prison on an indictment for receiving stolen goods and property, with a knowledge at the time of their having been stolen.

The conviction was had upon the first count of the indictment.

*D. Brown,* for prisoner.

*D. L. Mitchell,* for the People.

*Per Curiam,* CRIPPEN, P. J. The act entitled " Of robbery, embezzlement and larceny, ( 2 *R. S.* 680, § 71) provides that every person who shall buy or receive in any manner upon any consideration any personal property of any value whatsoever that shall have been feloniously taken away or stolen from any other, knowing the same to have been stolen, shall upon conviction be punished by imprisonment, &c.

The indictment does not charge that the defendant received the property feloniously, or unlawfully, or with intent to defraud the owner, but simply alleges that he received and had said goods and chattels which had been feloniously stolen, with a knowledge that the same had been stolen at the time he received said property; concluding to the great damage of the owner thereof, and contrary to the statute, &c.

The People *v.* Johnson.

The defendant's counsel on the trial objected, and insisted that the first count of the indictment was defective and wholly insufficient to sustain a conviction, on the ground that it did not contain an averment that the defendant received said stolen property feloniously or wrongfully, or with intent to defraud the owner thereof. The court overruled the objection.

It is undoubtedly true that the indictment follows and adopts the language of the statute in charging the offence. The statute declares that every person who shall buy or receive in any manner upon any consideration any property feloniously taken or stolen from another, with a knowledge of its being stolen property, upon conviction thereof shall be adjudged guilty, &c.

The indictment in this case does not charge the defendant with having bought the stolen property, but with having received it, knowing at the time that it had been stolen. The statute is entirely silent as to the *intent* of the person who may receive and have stolen goods or property, with a knowledge at the time of receiving the same that such property had been stolen. The letter of the statute giving it a liberal construction, seems to cover every case of receiving stolen property with a knowledge of its having been stolen. No matter as to the purity of the motives by which the person may be actuated in receiving the property, if he has knowledge at the time, that it has been stolen, the statute, according to its strict letter, makes the act criminal and subjects the person to criminal punishment.

If a person knows that another's goods have been stolen, he must not *receive* them into his possession for any purpose, not even to secure the same for the true owner; if he does so the statute according to its letter makes it a crime and him a criminal.

No argument is necessary to establish the injustice and absurdity of giving such a construction to the statute.

The intent of the statute must govern in giving it a proper construction. The object of the legislature manifestly was to punish persons who should receive stolen property, in aid of the thief who had committed the larceny, or who should in any

manner aid in defrauding the owner of his property, having a knowledge at the time that the property had been stolen.

In order to constitute the crime created by the statute, the stolen property must be received feloniously or with intent to secrete it from the owner, or in some other way to defraud him of such property. The *intent* must be criminal or unlawful, otherwise no crime can be committed; it is the intent with which the property is received that constitutes the essence of the crime; if the intent is honest and meritorious no crime can be committed.

The next question arising in the case is whether the intent should or not be averred in the indictment, or in other words, is the indictment sufficient to warrant a conviction, without charging the defendant with a felonious receiving of the property, or that he wrongfully received it, or that it was received unlawfully, or to defraud the owner thereof. We deem the rule well settled, both upon authority and principle, that every fact or circumstance which is a necessary ingredient in the offence, should be averred in the indictment. If any fact which is a material ingredient to constitute the crime is omitted in the indictment, such omission vitiates it, and the defendant may avail himself of such defect by demurrer, by writ of error, or on a motion in arrest of judgment. (*Archbold's Criminal Pl.* 42, 5th edition; *Barbour's Criminal Law,* 320; *Lee* v. *Clark,* 2 *East,* 333.) Nor will the conclusion of the indictment with the words " contrary to the form of the statute," convict. (2 *Hale,* 170; *Archbold,* 51; *Comyn's Digest, Information, D.* 3.)

It will be found that the precedents given in Chitty & Archbold's Criminal Pleadings, of indictments for receiving stolen property, aver that such property was received feloniously or with intent to defraud the owner. We have not found a case or precedent, where the indictment has omitted to charge the defendant with having *feloniously* received the stolen property with a knowledge of its having been stolen. The result is that the judgment and conviction in this case must be reversed and the defendant discharged from imprisonment.

Judgment reversed.