————o————

STATE OF MISSOURI, Defendant in Error, *vs.* PATRICK McCAN-ON, Plaintiff in Error.

1. *Criminal law—Dying declarations—When admissible as evidence.*—In order to render dying declarations admissible in evidence, it must appear that the person making them was under the belief that his dissolution was near at hand, and that he had abandoned all hope of recovery. (State vs. Simon, 50 Mo., 370, affirmed.)

2. *Practice, criminal—Instructions—Dying declarations—Credit to be attached to, to be determined by the jury.*—An instruction in a murder trial, that the dying declarations of the person killed as to the circumstances which produced his death, should receive the same credit as his testimony if taken under oath, would be erroneous. The only province of the court is to determine the admissibility of such declarations. The degree of credit to be attached to them should be left to the jury to determine.

*Error to Washington Circuit Court.*

*L. F. Denning*, for Plaintiff in Error, cited in argument: Rex. vs. Crocket, 4 Carr. & Payne, 544; Rex vs. Van Butchell, 3 Carr. & Payne, 631; State vs. Poll., 1 Hawks, 442; Moore vs. Commonwealth, 2 Leigh, 706; Smith vs. State, 9 Humph., 24; Rex. vs. Murphy, 1 Irish. Cri., 38; Rex vs. Errington, 2 Lewin Crown Cas. 148; 1 Greenl. Ev. § 158.

*J. L. Thomas and Reynolds & Relfe*, for Defendant in Error.

WAGNER, Judge, delivered the opinion of the court.

The accused, in conjunction with others, was indicted for the murder of one Herrington, and was convicted of murder in the second degree.

The material question upon the trial was whether the defendant was present, aiding and assisting in the commission of the offence.

A statement of the murdered man made previous to his death, showing that the defendant was present and took part in the crime, was admitted as a dying declaration.

The defendant objected to the admission of this testimony, because no proper foundation had been laid to authorize it.

It was not shown that the deceased had any immediate apprehension of dying, but, on the contrary, he expressed strong hopes of recovering.

The question of the admissibility of dying declarations was recently before this court in the case of the State vs. Simon, (50 Mo., 370, 1872,)and we there held that in order to render such declarations admissible in evidence, it must appear that the party making them was under the belief that his dissolution was near at hand, and that he had abandoned all hope of recovery. From this it follows that the court erred in permitting the declaration to be received in evidence.

There was other evidence, going to establish the same fact, and tending to show that the accused was present, and aiding in the commission of the crime; but, as we cannot tell what weight the jury gave to the illegal evidence, the cause must be reversed.

We see no other objection to the ruling of the court in the matter of admitting or rejecting testimony.

The instructions given by the court presented the law of the case to the jury justly and fairly, and are unobjectionable with one exception. An instruction was given to the effect that the dying declarations of a person who had been killed, if made with regard to the circumstances which produced his death, are to be received with the same degree of credit as

the testimony of the deceased would be, if examined under oath as a witness. This instruction was erroneous.

The court had no right to comment upon the evidence. Its only province was to determine its admissibility, and then leave the credit or weight which should be attached to it, to the jury. We have perceived no other errors in the record. But for those above noticed, the judgment will be reversed, and the cause remanded.

Judge Adams concurs. Judge Bliss absent.