THE STATE v. MATHES, *Appellant.*

1. **Criminal Law** : EVIDENCE : DYING DECLARATIONS.  Dying declara-      90  571
   tions are admissible in evidence where they are shown to have been     121  442
   made by the deceased after he had abandoned all hope of living,
   and in view of approaching death.

2. ——— : ——— : ——— : INSTRUCTION.  An instruction, that dying
   declarations given in evidence on the part of the state are to be
   received with the same degree of credit as if testified to under oath
   on examination, is erroneous.  (Affirming *State v. Vansant*, 80 Mo.
   67).

3. **Practice** : INSTRUCTION.  It is not error to refuse an instruction
   embodied in others already given.

*Appeal from Stone Circuit Court.* — HON. W. F.
GEIGER, Judge.

REVERSED.

*J. M. Patterson* and *O. H. Travers* for appellant.

The testimony of John Harris does not show that
the statements of deceased in relation to the killing were
made *in articulo mortis.*  While deceased may have
had an apprehension of death, it does not appear that he
expected this event to take place immediately, nor that
he had abandoned all hope of recovery.  The instruction
telling the jury to give the same degree of credit to the
dying declarations of the deceased as though he were
testifying on the stand was erroneous.  *State v. Vansant,*
80 Mo. 67.  It is the duty of the court to instruct on the
various degrees of manslaughter when the testimony
warrants it, whether asked or not by the defendant so
to do.  If the defendant is guilty at all in this case, his
offence is not above manslaughter.  *State v. Branstetter,*
65 Mo. 149, 155 ; *State v. Edwards,* 71 Mo. 312.  Even if

there were no testimony in the case except that of defendant himself, reducing the offence to manslaughter, the court should have instructed on that grade of homicide. *State v. Banks*, 73 Mo. 592. Personal violence reduces the offence to manslaughter. *State v. Starr*, 38 Mo. 270, 277, and cases cited ; *State v. Branstetter*, 65 Mo. 149.

*B. G. Boone*, Attorney General, for the state.

(1) Statements made by one apprehending death and who has abandoned all hope of living, in regard to the difficulty with the accused and all the circumstances immediately attending the act and forming part of the *res gestae*, are clearly admissible in evidence. 1 Greenl. Evid., sec. 108 ; Whar. Crim. Evid. [8 Ed.] sec. 276, *et seq. ; State v. Johnson*, 76 Mo. 124 ; *State v. Vansant*, 80 Mo. 67 ; *State v. Chambers*, 87 Mo. 406. The statements made by Harris, the deceased, to his father, were, under the above rule, properly admitted. (2) Dying declarations are, in their nature, secondary evidence. *State v. Vansant*, 80 Mo. 67. (3) Proper instructions were given by the court on the doctrine of self-defence and instructions on that branch of the case asked by defendant were properly refused. *State v. Griffin*, 87 Mo. 613. (4) On the trial of an indictment charging murder in the first degree, instructions for lower grades of homicide should not be given unless warranted by the evidence. *State v. Wilson*, 3 West. Rep. 845 ; s. c., 86 Mo. 520 ; *State v. Collins*, 86 Mo. 245 ; *State v. Jones*, 79 Mo. 441.

NORTON, C. J.—Defendant was tried in the circuit court of Stone county on an indictment charging him with murder in the first degree in killing one John Harris, and was convicted of murder in the second degree and sentenced to imprisonment in the penitentiary for ten years,

On the trial the court, over the objections of defendant, received in evidence the statements of deceased as to what took place at the time he was shot by defendant. This evidence was properly received, inasmuch as a proper foundation for its introduction had been laid by showing that they were made by deceased after he had abandoned all hope of living and in view of approaching death. 1 Greenl. Evid., sec. 108.

While the court did not err in receiving the evidence, it committed error in the sixth instruction on behalf of the state as to the weight to be given it by the jury. The instruction was : " The court instructs the jury that the dying declarations of deceased, given in evidence on the part of the state, are to be received and considered by the jury with the same degree of credit as if testified to under oath on examination in this trial." This instruction is condemned by the cases of *State v. Vansant,* 80 Mo. 67, and *State v. McCannon,* 51 Mo. 160, in both of which the judgments were reversed because a similar instruction to the above had been given. No specific objection is pointed out to the other instructions, which seem to present the law of the case fairly. The instructions asked by defendant, on the law of self-defence. might well have been refused on the ground that it had been sufficiently given to the jury in other instructions.

The judgment will be reversed and cause remanded for the error pointed out, and if, on a re-trial, the facts put in evidence warrant an instruction for manslaughter in any of its degrees, the court should give an instruction upon the degree to which the facts may apply. All concur.