THE STATE OF MISSOURI, Defendant in Error, v. HENRY
    SWEETEN et al., Plaintiffs in Error.

Kansas City Court of Appeals, May 2, 1898.

1. **Larceny:** RECEIVING STOLEN GOODS: EVIDENCE: DECLARATIONS OF
   THIEF. In a prosecution for receiving stolen goods the state must prove
   the theft and the acts and declarations of the thief are competent
   therefor though the defendant was not present.

2. ———: ———: ———: ACQUITTAL OF THIEF. In a prosecution for
   receiving stolen goods the defendant can not offer in evidence the
   judgment acquitting the thief as that is *res inter alios acta.*

3. ———: ———: EVIDENCE, SUFFICIENCY OF. Evidence in this case is
   reviewed and found sufficient to sustain a conviction.

4. ———: ———: INTENT: STATUTE. To constitute the offense of re-
   ceiving stolen goods, it is essential that the defendant received the
   goods with a felonious or fraudulent intent, and this is the meaning
   of the statute.

*Appeal from the Harrison Circuit Court.*—HON. P. C.
                STEPP, Judge.

REVERSED AND REMANDED.

    J. C. WILSON and McCULLOUGH & PEERY for
plaintiffs in error.

    (1) The court erred in admitting the acts, declara-
tions and confessions of the alleged thief, John
Wendall, done and made out of the presence of the
defendants, and without their privity. Whart. Crim.
Law [8 Ed.], sec. 982; Whart. Crim. Ev., sec. 698,
and cases cited; State v. Duncan, 64 Mo. 263; Lay-
tham v. Agnew, 70 Mo. 48; State v. Reed, 85 Mo. 194;
Whart. Crim. Ev., secs. 601, 602; Kelly's Crim. Law
[New Ed.], sec. 53. The doctrine of State v. Phillips,
24 Mo. 415, and State v. Ross, 29 Mo. 32, does not

militate against the position here assumed. (2) There
was no evidence that the harness in question was ever
in the exclusive possession or control of the defendants
or either of them.   This fact must be substantially
proved, or the defendant is entitled to an acquittal.
Whart. Crim. Law [8 Ed.], sec. 990; 2 Bish. Crim.
Law, secs. 1137, 1138, *et seq.;* 20 Am. and Eng. Ency.
Law, pp. 444, 445 and notes; State v. Castor, 93 Mo.
loc. cit. 250; State v. Marford, 106 Mo. 55; State v.
Scott, 109 Mo. 226; State v. Owsley, 111 Mo. 450;
State v. Belcher, 136 Mo. 135; 37 S. W. Rep. 800;
Whart. Crim. Ev., sec. 758; State v. Castor, 93 Mo.
250-251; 3 Greenl. Ev., sec. 33; 2 Bish. New Crim.
Law, sec. 1139; Whart. Crim. Law [8 Ed.], sec. 990;
20 Am. and Eng. Ency. Law, p. 444. (3) The court
committed palpable error in refusing instructions for
the defendant, and giving instructions for the state, in
that it failed to submit to the jury the question of
whether the defendants, if they received the harness,
did so with a fraudulent intent.   This is the very grava-
men of the offense.   1 Bish. Crim. Law, sec. 567; State
v. Witt, 9 Mo. 672; State v. Gresser, 19 Mo. 247; State
v. Williams, 95 Mo. 247; State v. Norman, 101 Mo.
520; State v. Moore, 101 Mo. 320; State v. Campbell,
108 Mo. 611; Rapalje on Larceny and Kindred Offenses,
secs. 311-325; 2 Bish. Crim. Law, sec. 1135; [New Ed.],
secs. 1137-1142; People v. Johnson, 1 Parker C. C.
564; Arcia v. State, 26 Tex. App. 193; 9 S. W. Rep.
685; Rice v. State, 3 Heisk. 215; People v. Avila, 43
Cal. 196; Grandalpho v. State, 33 Ind. 439; State v.
Caveness, 78 N. C. 484; State v. St. Clair, 17 Iowa,
149; Hurrell v. State, 5 Humph. 68; U. S. v. Mont-
gomery, 3 Sway (U. S.), 544; People v. Reynolds, 2
Mich. 422; Desty's Crim. Law, sec. 147 (e); 20 Am.
and Eng. Ency. Law, pp. 440, 446, 447 and notes;
Nourse v. State, 2 Tex. App. 304; Aldrich v. People,

State v. Sweeten.

101 Ill. 16; Com. v. Leonard, 140 Mass. 473; Whart. Crim. Law [8 Ed.], sec. 988; Com. v. Bean, 117 Mass. 141; State v. Rushing, 69 N. C. 29; Kelly's Crim. Law [New Ed.], sec. 684; Robinson v. State, 84 Ind. 452, 457; Thomp. on Trials, sec. 2154; State v. Warren, 109 Mo. 432; State v. Gullette, 121 Mo. loc. cit. 457; Lawson, Presump. Ev., p. 271, rule 66; State v. Gibson, 111 Mo. 99, loc. cit. 102.

SILAS C. PRICE and EZRA H. FRISBY for defendant in error.

(1) Appellate courts will not discuss the evidence, or the weight of evidence, or interfere with the verdicts of juries or courts sitting as juries, when there is any evidence to sustain such verdicts. State v. Lowe, 93 Mo. 547; State v. Primm, 98 Mo. 368; State v. Howell, 100 Mo. 628. (2) In prosecuting a defendant on a charge of receiving stolen property, under section 3553, Revised Statutes 1889, it is not necessary to aver in the indictment or prove upon the trial that the party who is charged to have stolen the goods has been convicted. R. S. 1889, sec. 3554. (3) A verdict of acquittal in a case where a certain person is charged with a specified crime is not conclusive upon the state as to the guilt or innocence of the person so acquitted, when in a subsequent case some other person is prosecuted on a charge which involves the question of the guilt of the person so acquitted of the same charge. State v. Phillips, 24 Mo. 475; State v. Orr, 64 Mo. 339; State v. Ross, 29 Mo. 32; State v. Anderson, 89 Mo. 312; Bloomer v. State, 48 Md. 521; s. c., 3 Am. Cr. R. 37; 2 Van Fleet, Former Adjudication, p. 1253, and cases cited in notes 6 and 7; 2 Van Fleet on Former Adjudication, p. 1255; Foster v. State, 39 Ala. 229,233. (4) To convict the defendants in this case, it was necessary

for the state to prove two things: *First,* that the harness alleged to have been received by them was stolen; *second,* that they received it knowing it to have been stolen; and conversations and statements made by Wendell, the alleged thief, were competent evidence to prove the theft of the harness, although these defendants were not present. R. S. 1889, sec. 3553; State v. Smith, 37 Mo. 58, loc. cit. 68. (5) The offense of which these defendants were convicted is, by our statute, an independent, substantial offense, to make which offense complete three things, and three only, must concur, viz.: *First,* the property must have been stolen. *Second,* the defendants must have received the property. *Third,* they must have known when they received it, that it had been stolen. These are the only facts necessary to allege in the indictment, and prove upon the trial; and no issue of fact is properly submitted to a jury by instructions except those necessary to be alleged and proved. R. S. 1889, sec. 3553; State v. Smith, 37 Mo. 58; State v. Walton, 74 Mo. 270; State v. Smith, 119 Mo. 439; State v. Frank, 103 Mo. 120; State v. Warren, 57 Mo. App. 502.

GILL, J.—Defendants were tried and convicted in the circuit court of Harrison county with having received certain personal property (a set of double harness) stolen from one Springmeyer, knowing at the time that the same had been stolen. In accordance with the verdict of the jury the defendants were each fined $20 and they have brought the case here by writ of error.

Reversal is sought on several grounds, principal of which we shall proceed to notice: (1) The first complaint is that the trial court erred in LARCENY: receiving stolen goods: evidence: declarations of thief. admitting in evidence certain acts and declarations of Wendell, the party charged with stealing the harness, the purport of

which evidence was to prove that said Wendell was guilty of the theft. In State v. Smith, 37 Mo. 58, this identical question was presented. The defendant there was on trial for having received certain money from one Hard, who, it was alleged, had stolen it, and of which theft defendant at the time had knowledge. As here error was assigned to the court's action in admitting testimony of certain acts and declarations of Hard out of the presence of the defendant, the tendency of which was to prove the larceny. In the opinion of the court' it was said: "To convict the defendant Smith under the indictment, it was necessary for the state to prove two things: *First*, that the money alleged to have been received by Smith was stolen, and, *second*, that Smith received it knowing it to have been stolen. The act of stealing the property had to be proved, not by anything the defendant Smith had said or done, for so far as the indictment and evidence shows he had nothing to do with the stealing nor any knowledge of it until after it was accomplished. But this fact had to be proved by what was done and said by other parties with whom Smith had nothing to do at the time. * * * The felony, the stealing of the money mentioned in the indictment, was a substantive fact that the prosecution must prove. But it is urged that the conversations between Hard and Noyes are, so far as this defendant is concerned, irrelevant and ought not to be admitted. They certainly ought not to be admitted for the purpose of connecting the defendant Smith with the stealing. But these conversations were competent to prove the stealing—to show how it was planned and how it was accomplished; and in this sense they were not hearsay but a part of the *res gestae.*"

The case just quoted from with the reasons there set forth, sufficiently answers counsel's objection and fully sustains the ruling of the lower court.

(2) It is next complained that the court erred in excluding, on an offer made by defendants, the record of a former trial and judgment acquitting said Wendell of having stolen the harness. This contention too can not be maintained under the authorities. In State v. Phillips, 24 Mo. 475, Sullivan Phillips, Presley Phillips and one Ross were jointly indicted for the murder of Watson—Sullivan as principal, or as the actual perpetrator of the deed, and Presley Phillips and Ross as aiders and abettors. Sullivan, or the party actually charged with the killing, was put on his trial and was acquitted. At the trial of the other two, charged with aiding and abetting, the record and judgment showing Sullivan Phillips' acquittal was offered in evidence and excluded. The supreme court, Judge Scott rendering the opinion held, that as against Presley Phillips and Ross the question of the guilt or innocence of Sullivan Phillips was still open; that though the latter was the actual perpetrator of the homicide, the record of his acquittal was inadmissible in evidence in favor of said Presley Phillips and Ross. In the opinion it was said: "If Sullivan Phillips did kill Watson, and if the killing was lawful or excusable, it is clear that those who assisted him are guilty of no crime. But in such case the abettor, on his own trial, must establish the innocence of the actual perpetrator of the deed by other evidence than of a verdict of his acquittal. The acquittal of him who actually did the deed, as between him and the state, is final and conclusive. But by what right do the abettors appropriate to themselves the benefit of that acquittal as evidence in their behalf? As to them it is *res inter alios acta.* * * * The office of that verdict is fully discharged as long as it protects Sullivan Phillips from a subsequent trial, and can impart no aid to others joined in the same indictment, who must

*acquittal of thief.*

undergo their trial and show their innocence without any assistance derived from a verdict to which they were not parties." To the same effect see State v. Ross, 29 Mo. 32; Commonwealth v. Williams, 3 Gray (Mass.), 460; 2 Phillips on Ev., side page 49.

(3) Neither do we discover any merit in the several objections to the sufficiency of the evidence. A careful reading of the record discloses abundant evidence tending to prove every substantial

—: —: evidence, suffi- element or fact to fasten conviction on the
ciency of. defendants. The testimony adduced at the trial, was in our opinion, quite convincing, that Wendell stole Springmeyer's harness, and that the defendants with knowledge of the theft received the same and had it in their exclusive possession when found hung away in the attic where both of these defendants resided. The answer given by them to the constable who went, armed with a search warrant, to the dwelling of the defendants is a strong circumstance of guilt. The officer in effect stated to the defendants, that Wendell, the thief, had confessed the larceny of the harness and had told him (the constable) to go and get it from defendants. Defendant Sweeten at the time answered (according to the state's evidence), "well, by God, I have got the harness and you can search six months and not find it." Defendant Young, then and there present, answered the demand of the constable in these words: "The fellow we let have this harness to-day is forty miles from here by this time." The harness was found by the officer, concealed and hid away in a dark unused attic of the defendant's residence, reached only by means of a trap door, through which one man entered while standing on the shoulders of the other.

(4) The next error assigned by defendants we feel bound to decide in their favor. The court was, by

several instructions, asked to tell the jury that before defendants could be convicted of receiving stolen property knowing the same to have been stolen, the jury must believe that defendants received and took it into their possession with the intent or for the purpose of aiding the thief or with the fraudulent intent of depriving the owner thereof. In refusing this qualification to the instructions the court committed error. The authorities are quite unanimous in declaring, that to sustain the criminal charge of receiving stolen goods knowing them to be stolen it must be shown that the accused received it with a fraudulent or criminal intent either to assist the thief or to deprive the owner of his property; and that this, with other questions in the case, should be submitted to the jury. Rapalje on Larceny and Kindred Offenses, sec. 311; 2 Bishop, New Crim. Law, sec. 1137; 20 Am. and Eng. Ency. Law, p. 447, and authorities cited in notes; People v. Johnson, 1 Park. Crim. Rep. 564; State v. Rice, 3 Heisk. (Tenn.) 215; State v. Witt, 9 Mo. 671, and numerous other authorities cited in defendants' brief. To constitute the offense it is said to be essential that the defendant received the property with a felonious or fraudulent intent. If the intent be honest then no crime is committed.

It is true that the statute declaring the offense, section 3553, Revised Statutes 1889, makes no mention of this criminal intent, yet in all good reason it must have been so understood. In the case above cited from 1 Parker, Criminal Reports, a statute the same as ours was construed, and the court said: "The intent of the statute must govern in giving it a proper construction. The object of the legislature manifestly was to punish persons who should receive stolen property in aid of the thief who had committed the larceny, or who should in any manner aid in defrauding the owner of his prop-

erty, having a knowledge at the time that the property had been stolen. * *. * The *intent* must be criminal or unlawful, otherwise no crime can be committed; it is the intent with which the property was received that constitutes the essence of the crime; if the intent is honest and meritorious no crime can be committed." Because then of the error above stated the judgment of the lower court will be reversed and cause remanded. All concur.