State v. Levy.

*STATE OF MISSOURI, Respondent, v. SAM LEVY and ALBERT KOPLAN, Appellants.

90    643
a168s 521

St. Louis Court of Appeals, December 13, 1901.

1. **Criminal Law:** RECEIVING STOLEN GOODS: WITNESS: EVIDENCE. In a prosecution for receiving stolen goods, a witness was allowed to testify to admissions by a third party of the theft of the goods. That testimony is held inadmissible.

2. ———: ———: EVIDENCE. A plea of guilty by the thief is not admissible in a prosecution against one accused of receiving stolen goods.

3. ———: ———: ———: CONFESSION OF ACCOMPLICE, EFFECT OF. A confession (after the fact) by an accomplice is not admissible against one charged with crime.

4. ———: ———: DECLARATIONS OF THIRD PERSONS. Subject to exceptions not involved in this case, the general rule of evidence is that declarations of a third person, not in the presence of defendant, are inadmissible against the latter, unless as part of the *res gestae*, or, in some circumstances, on proof of a conspiracy.

5. ———: EVIDENCE: COMMON LAW RULE: HEARSAY. The reason of the common-law rule excluding hearsay evidence is discussed in the opinion, and the exceptions to the rule are held to be founded on public policy or necessity.

6. ———: ———: ERROR: EVIDENCE. The introduction of incompetent testimony is sometimes harmless where the fact it tends to prove is otherwise proven by competent testimony; but that rule

*Affirmed by the Supreme Court, May 13, 1902.

does not sanction the introduction of incompetent declarations to corroborate competent evidence, nor is it applicable in actions at law where there is a conflict of evidence on the point to which the testimony relates.

7. ———: ———. Declarations of a witness out of court held incompetent to corroborate his testimony as a witness in this case.

8. **Error, when prejudicial:** PRESUMPTIONS. Error is presumptively prejudicial; where it appears, the court must be shown that the error is harmless in order to avert a reversal, in Missouri.

Appeal from St. Louis Court of Criminal Correction.—*Hon. Willis H. Clark,* Judg

REVERSED AND REMANDED, AND TRANSFERRED TO SUPREME COURT.

BARCLAY, J.—Appellants were convicted of knowingly receiving stolen property of less value than thirty dollars. They duly appealed.

Counsel for defendants have assigned one error, to-wit:

"The court erred in permitting the first witness for the State, Alfred Frey, to state, over the objection of the defendants, that a boy named Binder told him that he, the said Binder, and other boys had stolen the property in question and had sold it to the defendants, and that defendants had requested them to steal it and other property and bring it to them, and had furnished means for stealing the property."

The charge against the defendants was the receiving of property stolen from the St. Louis Transit Company by some boys (one of whom was named Binder) with guilty knowledge on the part of defendants.

At the trial, a witness by the name of Frey testified to certain statements by Binder. It is this matter which constitutes the ground of the charge of error.

In order to give a full view of the ruling complained

of, we copy the following passage from the bill of exceptions narrating the testimony of said witness:

"Sometime in the early part of July, 1900, witness had a conversation with one Emil Binder, a boy, residing at 2316 LaSalle street, in said city of St. Louis, Missouri, in regard to what said Binder knew about the aforesaid property being stolen from the St. Louis Transit Company's shops, located not a great distance from said Binder's house; and Binder told the witness about the same.

"(Here defendants' counsel objected to any conversation had by witness with the party, Emil Binder, in regard to what he (Binder) knew about the alleged stealing of the property and the disposition of same, on the ground that it was hearsay evidence and incompetent; which said objection was by the court overruled, and the defendants then and there saved their exception.)

"Thereupon witness stated that Emil Binder told him that he and several other boys had at various times during the months of June and July, 1900, stolen the property referred to in the information in this case, and also other property of the aforesaid character and description, from the car shops of the St. Louis Transit Company, and had taken said property to the place of business of the defendants and had there sold it to the defendants for a small amount of money; and that the defendants on said occasions had requested said Binder and his companions to steal and bring to them other like property, and had furnished one of the boys a screwdriver with which to loosen or unfasten the metal car-trimmings from the cars."

At a later stage of the trial, Binder testified to substantially the same facts which the witness, Frey, declared Binder had stated to him out of court.

Defendants testified on their part that they had not bought any metal whatsoever of any of the aforesaid boys,

and had not received any property of the Transit Company from any one.

I. The general rule of law (subject to some exceptions not now involved) is that declarations of a third person, not in presence of defendant, are inadmissible against the latter unless they are part of the *res gestae*, or, in some circumstances, where a conspiracy is shown between the declarant and defendant.

Defendants contend that the conversation between Binder and Frey, as given in evidence by the later, falls under the ban of that general rule. The learned trial judge, on the other hand, no doubt, regarded his ruling as sanctioned by the authority of State v. Smith, 37 Mo. 58, and of State v. Sweeten, 75 Mo. App. 127. In the former case, the testimony was approved because the facts developed were held to be part of the *res gestae;* in the latter, the acts and declarations of the thief were adjudged by the Kansas City Court of Appeals to be admissible to prove the fact of theft, as one of the essentials of the crime of receiving the stolen goods. But the declarations of the thief (according to the official report) in the Sweeten case do not appear to have had that intimate connection with the larceny which was shown in the Smith case, and which led the Supreme Court to treat said declarations as part of the very theft itself. The Sweeten decision proceeds on the theory that an admission of the theft by the alleged thief to a third party, in the absence of defendant, after the fact, may be given in evidence against one charged with receiving the fruits of the larceny, without other connection therewith. We find ourselves, with due respect, unable to adopt that theory; and we regard its application in that decision as an undue expansion of the doctrine on which the aforesaid case of State v. Smith was founded.

The sense of fairness which inspires the general precept of the common law excluding hearsay evidence of many facts

susceptible of better proof forbids the sanction of unsworn declarations to establish the fact of theft in a case of receiving stolen goods as positively as it forbids such evidence of any constituent fact necessary to convict of any other offense. It is true that the theft must be proven in a case of this kind; but it must be proven by competent testimony. The fact that some unsworn anybody declares himself the thief to a third party (who turns up as a witness against defendant) is entitled to no weight whatever as evidence, according to the time-honored standards of our jurisprudence. The absence of cross-examination, of the sanction of an oath, and of the penalties attached to perjury reduce the probative value of such declarations to nothing.

Our law does, indeed, define some exceptional circumstances which raise hearsay to the rank of admissible evidence. Those exceptions are vindicated by necessity, or by reasons of public policy. We do not regard the evidence now under review as admissible upon any of the exceptional grounds. It appears to us to be subject to the same objections which obtain against hearsay evidence generally, and so it has been held. Rex v. Turner, 1 Moody C. C. 347; Dye v. State, 130 Ind. 87.

Even a solemn plea of guilt by the thief has been ruled inadmissible in a prosecution of this nature. Com. v. Elisha, 3 Gray 460.

The rule excluding the testimony in question is but a minor part of the larger canon of the law of evidence which shields the accused from the effect of a confession by his accomplice after their crime is cold. Judge Taylor in his valuable treatise on the law of evidence so views this subject, and declares the rule which we are endeavoring to follow. Taylor, Evid. (9 Ed.), sec. 904, p. 586.

The general canon just mentioned has been often recognized and applied in Missouri decisions, and we consider that

the principle underlying those rulings definitely points our way to the judgment we would render in this cause. State v. Duncan, 64 Mo. 262; State v. Melrose, 98 Mo. 594; State v. Minton, 116 Mo. 605; State v. Harris, 150 Mo. 56.

We hold that the testimony in question was inadmissible, and that it was error to overrule the objection of defendants thereto.

II. The testimony of Binder to the same facts which he had stated to the witness Frey did not cure the error of admitting Frey's version of Binder's unsworn statements at an earlier date. The fact that the goods were stolen was a material one. It was denied by defendants in their plea of "not guilty." As witnesses on their own part at the trial they further denied receiving any goods of Binder or the other boys.

The unsworn statements of Binder would naturally be given some weight in corroboration of his testimony as a witness. But we are not aware of any valid rule which would make such statements admissible in the circumstances here disclosed. On the contrary they appear to us obviously improper. Riney v. Vanlandingham, 9 Mo (original ed.), 816 (reprint), 807; Childs v. State, 55 Ala. 25.

We know there are authoritative rulings to the effect that the admission of incompetent testimony is sometimes harmless where the fact it tends to prove is otherwise proven by competent evidence. We would willingly accredit those rulings. But we do not understand them to go so far as to sanction the corroboration of competent evidence by that which is clearly incompetent or irrelevant, in such a state of facts as is here presented.

The chief fact which the erroneous testimony bore upon was that Binder actually had made the statements ascribed to him by the witness, Frey, before Binder swore to the same facts as a witness. Those statements seriously implicated defendants in Binder's crime and in a measure corroborated his

testimony at the trial. Such corroboration was inadmissible in any view of the case. Its admission may have been injurious. Its character precludes the possibility of sustaining the trial ruling upon any claim of harmless error therein.

The proposition that the admission of incompetent or other illegal evidence may be held harmless, where the fact which it supports is proven by other competent and valid testimony, is limited in its application. The first division of the Supreme Court has said on this point:

"The rule invoked has application only in cases in which appellate courts weigh the evidence, or in law cases where there is no conflict in the evidence on the particular issue. In case of conflict in the evidence in actions at law, the issues of fact must be determined by the triers of the facts upon all the evidence, and the appellate court will not say what weight may have been given any particular part of it, or that any portion of it was without weight." Kearney Bank v. Froman, 129 Mo. 430.

The same theory was evidently followed in other judgments in this State. State v. McCannon, 51 Mo. 160; Nelson v. Wallace, 57 Mo. 397.

We do not view as harmless the error under discussion. Certainly no demonstration of harmlessness in it has been made to us. It is a familiar proposition that error is presumptively prejudicial. It devolves on those claiming that it is harmless to show to the court the validity of that contention in Missouri. State v. Taylor, 118 Mo. 161.

III. We conclude that the judgment should be reversed and the cause remanded on account of the error aforesaid. But we also deem this decision contrary to that of the Kansas City Court of Appeals in State v. Sweeten, 75 Mo. App. 127, and accordingly certify and transfer this cause to the Supreme Court. *Bland, P. J.,* and *Goode, J.,* concur.