THE STATE v. LEVY et. al., Appellants.

### Division Two, May 13, 1902.

1. **Criminal Law:** RECEIVING STOLEN PROPERTY: HEARSAY EVIDENCE. In a prosecution for receiving stolen property, evidence that B. told witness that he (B.) and other boys had stolen the property in question, and had sold it to defendants, and that defendants had requested them to steal it and other property and bring it to them, and had furnished means for stealing the property, was inadmissible, as being hearsay (Overruling State v. Smith, 37 Mo. 58).

2. ———: ———: ———: PREJUDICIAL ERROR. In a prosecution for receiving stolen property, the erroneous admission of hearsay evidence, to the effect that defendants had told certain boys to steal the property and bring it to them, could not be held without prejudice on appeal.

Transferred from St. Louis Court of Appeals.

Affirmed.

*Thos. B. Harvey* for appellant.

The court erred in permitting the first witness for the State, Alfred Frey, to state, over the objection of the defendants, that a boy named Binder told him that he, the said Binder, and other boys had stolen the property in question and

had sold it to the defendants, and that defendants had requested them to steal it and other property and bring it to them, and had furnished means for stealing the property, etc.

*Edward C. Crow,* Attorney-General, and *Sam B. Jeffries,* Assistant Attorney-General, for the State.

SHERWOOD, P. J.—Prosecution in the St. Louis Court of Criminal Correction against defendants for receiving stolen property, worth less than thirty dollars; result—conviction and punishment assessed at twelve months in the workhouse.

Only one point in this record requires to be mentioned:

Alfred Frey was permitted to state, over the objections of the defendants, "that a boy named Binder told him that he, the said Binder, and other boys had stolen the property in question and had sold it to the defendants, and that defendants had requested them to steal it and other property and bring it to them, and had furnished means for stealing the property," etc.

It is quite unnecessary to say that this statement of Frey's is *flat hearsay*—it possesses the salient and indubitable characteristic of that which is thus designated, in that it is the sworn statement of an unsworn statement. [State v. Hathhorn, 166 Mo. 229; State v. Huff, 161 Mo. loc. cit. 488, 489, and authorities cited.]

Speaking of admissions and confessions and when receivable, Bishop says: "So that whatever of this sort is offered as from anybody but the defendant, or one authorized to speak for him, is mere hearsay."

In 2 Best, Ev., sec. 506, under the head of *"Res inter alios acta,"* it is said: "No person is to be affected by the words or acts of others, unless he is connected with them either personally, or by those whom he represents or by whom he is represented."

A more recent writer writes:

"Hearsay (derivative, or secondhand, as opposed to secondary) evidence is that which is learnt from some one else, whether by word of mouth or otherwise; in other words, it is anything which does not derive its value solely from the credit given to the witness himself, but which rests also, in part on the veracity and competence of some other person." [3 Rice on Evidence, p. 134.]

"There is no rule in the law of evidence more important or more frequently applied than the general one, that hearsay evidence of a fact is not admissible. If any fact is to be substantiated against a person, it ought to be proved in his presence by the testimony of a witness sworn to speak the truth; and the reason of the rule is, that evidence ought to be given under the sanction of an oath, and the person who is to be affected by the evidence may have an opportunity of interrogating the witness as to his means of knowledge, and concerning all the particulars of his statement." [Ibid, p. 134.]

This cause has been certified up to this court by the St. Louis Court of Appeals, on the ground that their decision, made herein, conflicts with the opinion of the Kansas City Court of Appeals in State v. Sweeten, 75 Mo. App. 127. The St. Louis Court of Appeals held that the Kansas City Court of Appeals in the Sweeten case attempted to follow, but did not follow, State v. Smith, 37 Mo. 58. The latter case is bottomed on the idea that in the prosecution of an accused for receiving stolen goods, the co-thief, Hard, was a competent witness to establish the fact of a theft, by testifying to "conversations between himself and Charles Noyes prior to the theft, in relation to how the express company might be robbed, and in forming their plans to accomplish the felony; and also a conversation which took place between them the morning after the crime had been committed."

But this ruling was expressly based upon the theory that such conversations constituted part of the *res gestae*. And in

that case it was distinctly stated that though these conversations were competent to prove the stealing, yet that "they certainly ought not to be admitted for the purpose of connecting the defendant Smith with the stealing.    And if Smith's name had been mentioned, as much at least of the conversation as referred to him ought to have been excluded."

I have not been able to find any adjudicated case or any statement of text-writer going the length of Smith's case, in holding that conversations and plans between two criminals as to the perpetration of a certain crime, could be used to establish that crime as against a third person wholly unconnected therewith, as a basis on which to convict such third person of "a separate and distinct offense made by our law a substantive felony."    So that I do not believe that case is law, or ought to be followed.

Besides, there was ample evidence in that case of the fact of the theft; nor did counsel for the State contend "that the body of the original felony could be proven by the confession of the principal actors, thereby dispensing with proof *aliunde*."    "Proof had been made of all that had been done by the different actors from the original conception of the crime until its final consummation."

On this point, counsel for the State contended that, in consequence of full proof as aforesaid having been made, "the permitting Hard, the accomplice, to state what he and Charles Noyes said to each other about the robbery," "was wholly immaterial to the defendant" and therefore no ground for reversal.    In State v. Sweeten, supra, the Kansas City Court of Appeals held that Wendell, the thief who stole the harness, could testify as to certain acts and declarations of his, the purport of which was to prove him guilty of the theft.    But this ruling evidently left out of view the theory of the ruling made in Smith's case, to-wit, that such declarations were part of the *res gestae*.

The admission in evidence of the testimony of Frey, as

heretofore quoted, was palpably erroneous, and we will not hold that it was not prejudicial.

For these reasons, we affirm the judgment of the St. Louis Court of Appeals, reversing the judgment of the court of criminal correction. All concur.