JAMES W. REYNOLDS, Respondent, v. PUBLISH-
ERS: GEORGE KNAPP & COMPANY, Appel-
lant.

**St. Louis Court of Appeals.    Argued and Submitted February 6,
1911.    Opinion Filed February 21, 1911.**

1. **LIBEL AND SLANDER: Charging Violation of Law: Justifica-
tion: Truth.** A suit for libel in charging that plaintiff com-
mitted a misdemeanor must rest, not on the fact that he was
not arrested and fined, but on the fact that he had not violated
the law.

2. ————: ————: **Justification: Requisites: Instructions.** In
an action for libel in charging that plaintiff committed a viola-
tion of the law, where defendant pleaded the truth of the state-
ment, an instruction that it was not sufficient for defendant
to prove the truth of merely a portion of the statements contain-
ed in the publication complained of; and that the verdict should
be against the plea of justification, if the jury found that de-
fendant had failed to prove any statement in such publication,
provided such statement was found to be false and a libel upon
plaintiff, was erroneous, because it made the whole publication
and every statement in it material, it being sufficient, in such
a case, to justify so much of the publication as constitutes the
charge which, if untrue, the jury may find is libelous.

3. ————: ————: **Instructions: Function of Court and Jury.**
In a suit for libel in charging that plaintiff committed a mis-
demeanor, an instruction which leaves it to the jury to de-
termine what constitutes a violation of law is erroneous, since
it is the duty of the court to instruct the jury as to what con-
stitutes a violation of the law and to construe the law said to
have been violated.

4. ————: ————: **Evidence: Crimes and Punishments: Acces-
sories.** In a suit for libel in charging the commission of a mis-
demeanor in another state, it was error to receive evidence
of statutes of that state relating to the punishment of acces-
sories, since there are no accessories to misdemeanors,

5. **CRIMES AND PUNISHMENTS: Accessories to Misdemeanors:
Common Law.** At common law there are no accessories to a
misdemeanor; all persons concerned therein being treated as
principals.

6. **TRIAL PRACTICE: Objection to Evidence: Waiver.** Where
one has made an objection to a line of testimony and the ob-

jection is overruled and exception is duly saved, he is not bound to repeat the objection when the same line of testimony is again sought to be introduced, nor does he waive his objection to the evidence by cross-examining or by introducing countervailing testimony along the same line.

7. **LIBEL AND SLANDER: Charging Violation of Law: Evidence: Hearsay.** In a suit for libel in charging that plaintiff committed a misdemeanor in leaving fish, which he had caught, on the ground to rot, evidence as to what the guide said concerning the necessity for abandoning the fish was hearsay and should not have been admitted.

8. ——: ——: **Sufficiency of Evidence.** Evidence *held* sufficient to go to the jury in a suit for libel in charging violation of a fishing law.

9. **APPELLATE PRACTICE: Review: Refused Instructions.** Refusal to instruct that exemplary damages could not be recovered will not be reviewed on defendant's appeal, where none were awarded.

Appeal from Pike Circuit Court.—*Hon. David H. Eby,* Judge.

REVERSED AND REMANDED.

*Lehmann & Lehmann* for appellant.

(1) The court should have directed a verdict for defendant because the uncontroverted evidence of both plaintiff and defendant show the substantial truth of the article. McAtee v. Valandingham, 75 Mo. App. 45; R. S. 1909, sec. 4821; Constitution of Missouri, art. 2, sec. 14. It is sufficient to justify so much of the defamatory matter as constitutes the sting of the charge, the literal words need not be proven. Edwards v. Knapp, 97 Mo. 432; Townsend on Slander and Libel (4 Ed.), par. 213, p. 319; Bailey v. Publishing Co., 40 Mich. 255; McGuire v. Vaughn, 64 N. W. 44, 106 Mich. 280; Rollins v. Times, 90 S. W. 1081; Walford v. Herald, 32 N. E. 929; Heilman v. Shanklin, 60 Ind. 442; Newell on Slander and Libel (2 Ed.), par. 75, p. 654. Conversely to justify the literal words without justifying the

sting is no justification. Dement v. Houston Prtg. Co., 37 S. W. 985. (2) The court should have excluded the conversation between plaintiff and his party and the guide, and plaintiff and his party and Game Warden Givens. The guide and Givens were both living witnesses whose direct testimony could have been obtained by deposition. Council v. Railroad, 123 Mo. App. 444; Gottwald v. Transit Co., 102 Mo. App. 492. (3) The court erred in instruction No. 3 given for plaintiff "that even though defendant has proven the truth of a portion of said publication, yet your verdict should be against defendant's plea of justification if you find from the evidence it has failed to prove any statement in the publication complained of, provided such statement is found by you from the evidence to be false and a libel on plaintiff." Newell on Slander and Libel (2 Ed.), par. 75, p. 654; Townsend on Slander and Libel (4 Ed.), par. 213, p. 319; Bailey v. Publishing Co., 40 Mich. 255; Edwards v. Knapp, 97 Mo. 432.

*E. W. Major* and *J. D. Hostetter* for respondent, filed argument.

REYNOLDS, P. J.—Action by plaintiff, James W. Reynolds, respondent here, against defendant, a corporation engaged in publishing and circulating the "St Louis *Republic*," a daily newspaper published in St. Louis, averred to have an extensive circulation throughout this state and the United States, and a circulation of many hundred copies in Pike county, this state, in which county the venue is laid. The article, alleged to have been published "of and concerning plaintiff" in September, 1907, it is averred, purported to be a special dispatch from Colorado Springs, Colorado, and was headed, "District Attorney Fined. Missouri Prosecutor Violates Colorado Fish Law," and sets out that the plaintiff, "the District Attorney at Louisiana, Mo.," came to Colorado with a party of friends and that with-

in a week he paid the state of Colorado $131.70, "in fines for violating the game law" in Colorado; that plaintiff and his party caught 182 trout "and left them on the ground to rot. Two game wardens came along and arrested the party. All were taken before a justice of the peace. Reynolds pleaded guilty to the charge and stood the entire fine." It is averred that defendant by the publication "meant to charge and did charge plaintiff with being a criminal, and with having pleaded guilty to the commission of a crime, and with having been punished for the commission of a crime, by being required and compelled to pay fines amounting to the sum of $131.70." It is further averred that at the time of the publication plaintiff was prosecuting attorney of Pike county, this state, and that by reason of the publication and circulation by defendant of the "false and malicious language and libel of and concerning" him, plaintiff had been greatly injured in his good name, fame and reputation and injured in the practice of law and particularly injured, hampered, embarrassed and handicapped in the discharge of his duties as prosecuting attorney of Pike county, and suffered by reason of diminution of public confidence in him as an honest official and one endeavoring to do his duty and has also suffered great mortification, etc. The demand is for actual and punitive damages.

The answer, admitting that plaintiff is prosecuting attorney and that defendant is a corporation as alleged, denies for its first defense, each and every other allegation in the petition.

For a second defense the answer admits that it made the publication complained of and avers "that said publication is true in substance and in fact."

For a third defense, after admitting the publication, the answer denies ill will or malice; but avers that the item was a legitimate piece of public news and a fair account of a judicial proceeding.

As a fourth defense, it is denied that the publication complained of was made willfully or maliciously or with any intent to injure plaintiff. It is admitted in this fourth defense that the publication is not entirely accurate in that James W. Reynolds did not, as stated in the publication, plead guilty and submit to the fine, but the charge made in other paragraphs is repeated, and it is averred that in truth and in fact plaintiff was guilty of the offense of abandoning and permitting to go to waste a large number of fish, and that "saving and excepting the statement of the person upon whom the fine was imposed, the publication was true in substance and in fact."

The reply is a general denial.

On the trial before the court and a jury, a verdict was returned in favor of plaintiff for the sum of $5000 as actual damages, nothing being awarded as punitive damages. Motions for a new trial and in arrest were duly filed, overruled, exception saved and the case is here on the appeal of the defendant.

The publication being admitted, there was evidence on behalf of plaintiff tending to prove that he had been a guest of one of the parties who had a fishing camp in Colorado; that when the party broke camp they were unable to take the fish in question with them for lack of transportation; that he had nothing to do with the abandonment of them; that he was not arrested, did not plead guilty, was not fined, did not pay any fine or costs, save as attorney for one of the party who was fined. On the part of defendant, there was evidence tending to show that the facts were as pleaded by it.

The real point for consideration in our opinion revolves around the action of the learned trial court in giving the third instruction at the instance of plaintiff. That instruction is as follows:

"3. The jury are instructed in this case that the defendant pleads justification. That is, it avers that

the publication complained of is true in substance and in fact.

"Under this plea it is defendant's duty to prove the truth of the statements in the publication complained of in plaintiff's petition. And it is not sufficient for defendant to prove the truth of merely a portion of the statements contained in the publication complained of. And even though the defendant has proven the truth of a portion of said publication, yet your verdict should be against the defendant's plea of justification, if you find from the evidence that it has failed to prove any statement in the publication complained of, provided such statement is found by you from the evidence to be false and a libel upon plaintiff."

Learned counsel for appellant contends that this is not a correct statement of the law and that it is inconsistent with the tenth, eleventh and twelveth instructions asked and given at the request of the defendant.

The gravamen of the imputed libel in this case is the charge in the heading of the article, that the "Missouri Prosecutor (referring to plaintiff) Violates Colorado Fish Law;" and the further charge in the body of the article that plaintiff and the party with which he was associated had caught fish "and left them (referring to the fish they had caught) on the ground to rot." The rest of the publication is immaterial matter.

The action must rest, not on the fact that plaintiff was not arrested and fined, but on the fact that he had not violated the law. If it is true that plaintiff violated the Colorado fish and game law and that he was responsible for a large number of fish being left on the ground to rot, contrary to the provisions of that law, then the defendant has proved the truth of the substantial part of the publication and is not liable. This third instruction instead of confining the defendant to the proof of those portions of the publication which charged a violation of the law, tells the jury that even

though the defendant has proven a portion of the publication, their verdict should be for the plaintiff. This made the whole publication and every statement in it material. That is not the law. It is sufficient in an action of libel to justify so much of the defamatory matter contained in the publication as constitutes the charge which, if untrue, the jury may find is libelous. [Edwards v. George Knapp & Co., 97 Mo. 432, 10 S. W. 54; McAtee v. Valandingham, 75 Mo. App. 45; McGuire v. Vaughan, 106 Mich. 280; Dement v. Houston Printing Co., 14 Tex. Civ. App. 391, 37 S. W. 985; Townsend on Slander and Libel (4 Ed.), par. 213, p. 319; Odgers, Libel and Slander (4 Ed.), p. 298; Newell, Slander and Libel (2 Ed.), p. 654, par. 75.]

Counsel for appellant further contend that this third instruction is also liable to criticism in that it conflicts with the tenth, eleventh and twelveth instructions given at the request of defendant. These instructions, in substance, told the jury that if they believed from all the evidence that the article so published was true in substance and in fact, then the defense had been made complete, and that if they found from the evidence that plaintiff abandoned and permitted to go to waste a large number of edible fish and that by so doing he violated the game law of the state, that it was immaterial whether plaintiff was fined for the offense or not and that their verdict should be for defendant. These instructions are not correct, technically or substantially. That is particularly so of the eleventh, twelveth and perhaps of others of the instructions which were asked by defendant and which were given or refused. The law is not accurately stated or explained. The sections of the law in evidence, so far as material, is as follows, referring to sections 2063 K and 2063, 13, pp. 562, 581, Mills Annotated Statutes of the State of Colorado, vol. 3 (so given in evidence), provide that no "edible portion of game or fish (shall) be abandoned or permitted to go to waste," and that any violation of

this provision shall constitute a misdemeanor to be punished "by a fine of not less than $25 nor more than $500, or by imprisonment in the county jail not less than ten days nor more than six months, or by both such fine and imprisonment." It will be observed that the language of the law is "nor shall any edible portion of game or fish be abandoned or permitted to go to waste." These instructions leave it to the jury to determine what constitutes a violation of this law. That is error. [Krup v. Corley, 95 Mo. App. 640, l. c. 650, 69 S. W. 609.] It was for the court to have instructed the jury as to what would constitute a violation of that law, and to have construed section 2063 K above referred to, and to have told the jury what would constitute an offense under that section. For instance, it would be no offense under this statute, if the plaintiff himself had no control in the matter of carrying away or removing the fish or if he was not a party to their being abandoned and permitted to go to waste, by reason of facts beyond his control. It must have been an act done without cause, wantonly, heedlessly, intentionally, with the purpose of abandonment and of permitting to go to waste. The fish must have been edible, fit to eat, when abandoned, or to have been purposely or needlessly suffered to go to waste.

Two other sections of the Colorado law are also in evidence, namely, sections 13 and 14 of chapter 25, of the Criminal Code of Colorado. Section 13 defines an accessory, and section 14 provides that "any person found guilty of being an accessory during or after the fact, shall be imprisoned for any term not exceeding two years, and fined in a sum not exceeding five hundred dollars, in the discretion of the court, to be regulated by the circumstances of the case and the enormity of the crime." These two sections, and the other above cited, are the only provisions of the Colorado law introduced in evidence. The admission in evidence of these two sections of the statutes of Colorado as to

accessories was improper. At common law there are no accessories in misdemeanors, either before or after the fact. All persons concerned therein, if guilty, are all to be treated as principal. [4 Black. Comm. *p. 36.] Mr. Justice Blackstone, in the same section, furthermore quotes as a maxim pertaining to the law of accessories "that *accessorius sequitur naturan sui principalis*: and therefore an accessory cannot be guilty of a higher crime than his principal: being only punished as a partaker of his guilt." Hence while we have no decision of the court of Colorado before us or in evidence as to the interpretation that the courts of that state put upon these sections concerning accessories, we cannot believe that they apply to misdemeanors. If they do, inasmuch as the punishment for an accessory may be by imprisonment for two years in the penetentiary, the accessory is punished much more severely than the principal who, under the provisions of section 2063, 13, can be punished by fine and by imprisonment of not more than six months. Evidently, therefore, these sections concerning accessories have no application to the offense charged to have been committed by plaintiff, which is a misdemeanor as shown by the statute itself. The Colorado decisions to which we are referred by the learned counsel for the appellant in this case, namely Noble v. People, 23 Colo. 13, and Farrell v. People, 8 Colo. App. 524, are decisions on felonies not on misdemeanors, so that they are not in point in the determination of this question.

Another matter needs to be noted in the event of a new trial. Counsel for the respondent, contending against the argument of counsel for the appellant, that respondent had waived the error in the admission of hearsay testimony by cross-examination, etc., have overlooked the fact that it is the settled law of this state that when a party has made objection to a line of testimony and the objection is overruled and exception duly saved, he is not bound to repeat the objection when the

same line of testimony is again sought to be introduced or even when by his cross-examination of the witnesses on the matter he has gone into that testimony himself. One does not lose the benefit of his objection or exception either by cross-examination or by introducing counter-vailing testimony along the same line. [State v. Levy, 90 Mo. App. 643; Naughton v. Laclede Gaslight Co., 123 Mo. App. 192, 100 S. W. 1104; Bailey v. Kansas City, 189 Mo. 503, 87 S. W. 1182; Salt Lake City v. Smith, 104 Fed. 457, l. c. 470, and cases there referred to.]

There was no necessity of forcing hearsay testimony into this record so far as plaintiff is concerned. That can be avoided. The testimony as to why the fish were abandoned could have been easily made by stating facts; it was unnecessary to bring in what the guide said. What he did or did not do were facts. The reasons the guide gave are immaterial: what he did or refused to do is material.

Counsel for appellant particulary argue that three instructions asked by them should have been given. The first is to the effect that plaintiff cannot recover exemplary damages. None were awarded, so that this needs no notice. The second is to the effect that the jury should find for defendant. This was properly refused. There was ample evidence for plaintiff to warrant submission of the case to the jury. The third instruction, No. 23, was properly refused for reasons we have before stated when commenting on the instructions generally.

We do not consider it necessary to set out the testimony or notice the action of the court in the giving and refusal of the instructions further than we have done, but we will say this: twenty-four instructions were asked, seven by plaintiff, seventeen by defendant, seven of the latter refused, ten given. This is beyond all reason. Instead of leading to the elucidation of the matter before the jury, and instead of aiding the jury in the arrival at a correct verdict, such a multitude of

instructions not only tends to confuse the real issue but to cause the jury to disregard all of them and to consider and determine the case on their own unaided ideas of the law and of the facts; it would be even better to submit the case without any instructions, than to load it up and confuse it with a mass of instructions that the counsel, learned in the law, and the courts in the quiet of their chambers, take days and weeks to interpret. This case lies within a comparatively narrow compass. We can see no reason why it cannot be submitted to the jury by a few concise instructions on the lines herein indicated. We are not affirming or disapproving the instructions, further than as herein expressly indicated.

The judgment of the circuit court is reversed and the cause remanded. *Nortoni* and *Caulfield, JJ.,* concur.