STATE OF MISSOURI, Respondent, v. EDWARD C. LINCK, Appellant.

| 68 | 161 |
| 86 | 673 |

St. Louis Court of Appeals, December 15, 1896.

1. **Criminal Law**: WIFE ABANDONMENT: PROOF: ONUS. On a prosecution for wife abandonment, under section 3501, Revised Statutes, 1889, it is essential that the state should prove willful abandonment and failure to support on the part of defendant; and in establishing the first proposition to give evidence of want of good cause, even though it be necessary to prove a negative. *State v. Satchwell*, p. 42, *ante*.

2. ———: ———: EVIDENCE. On such prosecution it was error to exclude evidence offered by defendant to prove the amount of his income, and his ability to support his wife and family.

*Appeal from the St. Louis Court of Criminal Correction.*—
HON. DAVID MURPHY, Judge.

REVERSED, AND DEFENDANT DISCHARGED.

*F. & Ed. L. Gottschalk* for appellant.

To constitute wife abandonment, under the statute, two things must concur: Desertion or abandonment,

and nonsupport.  *State v. Weber*, 48 Mo. App. 500.

As to what is necessary to establish desertion or abandonment, see *Id.* 504.

The burden is on the state to prove the existence of all such facts, even though negative proof is required. *State v. Brinkman*, 40 Mo. App. 286.

Defendant will be discharged, on appeal, where the cause was submitted on evidence insufficient to warrant a conviction.  *State v. Fuchs*, 17 Mo. App. 458.

No brief filed for respondent.

BOND, J.—This is a prosecution for wife abandonment under section 3501 of the Revised Statutes of 1889. The defendant was convicted and sentenced to pay a fine of $50, from which he prosecutes this appeal.

To constitute the offense charged it is essential that the state should prove both willful abandonment and failure to support on the part of the defendant. In establishing the first proposition it is incumbent on the state to give evidence of the absence of good cause for the abandonment, although in so doing it is necessary to prove a negative.  *State v. Satchwell*, decided at the present term. In the case at bar the evidence for the state is confined to the statement of the wife and her father. The former states that her husband was a paper hanger; that prior to their separation they occupied as a residence the second and third floors of a building, the first floor of which was used for conducting the paper hanging business; that on the seventeenth of August, 1895, defendant left the portion of the building where they had previously resided and moved into a room on the first floor in the rear of the store where his brothers lived; that thereupon she rented the rooms formerly occupied as a former residence, to

WIFE abandonment: proof: onus.

her father and brother, and lived upon the money received from these tenants; that she knew of no income of her husband, except the rent of the rear house; that it was her custom to send the children to him when they needed clothes, and they always received money, not exceeding $5 for such purposes; that her husband demanded that her father should leave the premises; that she refused to comply with this demand, as her father was there to protect her; that when her husband came up to eject her father, she ordered him out of the place. The father testified that he came to live with plaintiff to protect her; that about three days after the issuance of the warrant in this case they met the defendant, who said if the "old man" would move he would talk to his wife; that witness made an insulting reply to the husband, and the wife also replied, saying that the witness should not move, and that "she was boss of the place." Defendant testified that while on a pleasure trip his store was sold out under an attachment; that after his return a disagreement arose between himself and wife on account of such sale, which led to their separation. He also offered evidence, which was excluded by the court, tending to prove that he only earned $40 a month since the separation; that $24 of this was paid for his board and washing, and the remainder, together with some rent, was applied in support of his children and in payment of his indebtedness to the building association.

The evidence in this case does not warrant a conviction. It wholly failed to prove an abandonment with no intention to resume cohabitation or a failure to provide for the wife and family to the extent of the income of the husband. It appears that the wife was receiving the rent of the upstairs apartments, the children were clothed by the husband, and it is not

shown that he had any income left after paying his living expenses and debt to the building association. The court also erred in excluding the evidence tendered by defendant to prove the amount of his income, and his ability to support his wife and family. For the foregoing reasons the judgment in this case will be reversed and the defendant discharged.