STATE OF MISSOURI, Respondent, v. THOMAS M. DOYLE, Appellant.

<div style="float:right">68 219<br>77 404</div>

St. Louis Court of Appeals, December 22, 1896.

1. **Criminal Law**: WIFE ABANDONMENT: CRIMINAL INTENT: REASONABLE DOUBT: ONUS. This court has repeatedly held that to authorize a conviction for wife abandonment, under section 3501 of the statute, it is incumbent on the state to prove beyond a reasonable doubt that the alleged abandonment was without good cause and with criminal intent, and that defendant with such intent failed to provide for his wife. *State v. Fuchs,* 17 Mo. App. 458; *State v. Greenup,* 30 *Id.* 299; *State v. Brinkman,* 40 *Id.* 284; *State v. Broyer,* 44 *Id.* 393; *State v. Bruening,* 60 *Id.* 51; *State v. Satchwell,* 68 *Id.* 40.

2. ———: ———: EVIDENCE. *Held:* That in this case the evidence was not sufficient to authorize a conviction.

*Appeal from the St. Louis Court of Criminal Correction.*
HON. DAVID MURPHY, Judge.

REVERSED AND DEFENDANT DISCHARGED.

*Martin & Bass* for appellant.

The state must prove beyond a reasonable doubt to warrant a conviction under section 3501, Revised Statutes, 1889, that defendant abandoned his wife without good cause and with a criminal intent, and that he failed and refused to provide for her. *State v. Bruening,* 60 Mo. App. 51; *State v. Broyer,* 44 *Id.* 393; *State v. Brinkman,* 40 *Id.* 284; *State v. Greenup,* 30 *Id.* 299; *State v. Fuchs,* 17 *Id.* 458.

It was incumbent on the state to show that the husband had not made provision for his wife at the time of the separation. *State v. Bruening,* 60 Mo. App. 51.

No brief filed for respondent.

BIGGS, J.—The defendant was tried and convicted of wife abandonment. At the close of·the evidence for the state the defendant asked for his discharge upon the ground that the evidence was insufficient to warrant his conviction. This the trial court declined to do. At the conclusion of all the evidence the court sitting as a jury found the defendant guilty and a fine of $100 was imposed. The defendant has appealed and contends that the evidence is insufficient to sustain the ·judgment.

We have frequently decided that in order to authorize a conviction under the statute (section 3501), it devolved on the state to prove beyond a reasonable doubt that the alleged abandonment *was without good cause and with a criminal intent, and that the defendant* also with a criminal intent failed to provide for his wife. *State v. Fuchs*, 17 Mo. App. 458; *State v. Greenup*, 30 Mo. App. 299; *State v. Brinkman*, 40 Mo. App. 284; *State v. Broyer*, 44 Mo. App. 393; *State v. Bruening*, 60 Mo. App. 51; *State v. Satchwell*, decided at this present term. In spite of these decisions and many others which have not been cited, we are compelled at almost every term to review cases wherein counsel have acted in seeming disregard or ignorance of these plain statutory requirements. This record presents such a case.

WIFE abandonment: criminal intent: reasonable doubt: onus.

The only testimony introduced by the state as to the alleged abandonment was that of the wife, who said: "On the twelfth day of December he (meaning the defendant) deserted me and from that time up to the present he gave me no money or provided for me." * * * "My husband up to that time in December,

State v. Doyle.

.1895, treated me right." The state introduced some evidence that the wife was a neat and orderly house-keeper. This is the extent of the proof on the part of the state.

The defendant testified that his wife ordered him to leave his house and threatened if he did not go she "would throw him out and throw his clothes after him," and that he thereupon left. He further testified that the occasion for the trouble was that he complained because she had failed to wash the dishes after their meals. The testimony of the defendant is corroborated by that of a disinterested witness, who claims to have been present and heard the conversation. The state made no attempt to controvert this evidence.

It is plain that the state failed to make a case against the defendant. It was incumbent upon it to show that the abandonment *was without good cause.* There is not a suggestion or a hint in the testimony of the wife as to the cause of the alleged abandonment. Proof of the mere fact of the separation is not sufficient, as we have often held. The state must show the facts and circumstances attending the separation, which must have a tendency to prove that the husband acted without a just cause or excuse. The only evidence as to the origin or cause of the trouble is that offered by the defendant, which tends strongly to prove that his wife drove him from their home for a very trivial cause.

EVIDENCE.

The case was loosely tried in other respects, to which some reference ought to be made. It is only by piecing the evidence together that it can be determined *when* the alleged offense was committed, and then the fact rests somewhat on inference. The fact that the defendant failed to make suitable provision for his wife at the time he left her is only inferentially proved, and the proof as to the venue is likewise obscure and

unsatisfactory.   These formal matters are easily proved and only require a little care and attention to details.

Our conclusion is that the evidence is insufficient to authorize a conviction and that the defendant is entitled to his discharge.   It is so ordered.   All the judges concur.