STATE OF MISSOURI, Respondent, v. PHILIP MACK-LIN, Appellant.

St. Louis Court of Appeals, January 15, 1901.

1. **Criminal Law:** WIFE ABANDONMENT: EVIDENCE: STATUTORY CONSTRUCTION. To create the offense of wife abandonment under the terms of section 1861, Revised Statutes 1899, it is essential that the State should adduce evidence of the abandonment and desertion of the wife without good cause, and also evidence of the failure, neglect or refusal to maintain or provide for such wife.

2. **Practice, Appellate:** VERDICT: EVIDENCE. The rule in criminal as well as in civil cases, is that when a verdict rests upon substantial evidence, it can not be attacked in the appellate court on the ground that it is unsupported by the evidence.

Appeal from St. Louis Court of Criminal Correction.—*Hon. Willis Clark,* Judge.

AFFIRMED.

*Lange & Senn* and *W. R. Schery* for appellant.

(1) The evidence for the State fails to support the offense alleged in the information, in that it fails to prove beyond reasonable doubt: First, the willful abandonment by the defendant, with criminal intent; and, second, the failure by defendant to make suitable provision for his wife at the time of the alleged abandonment. State v. Doyle, 68 Mo. App. 219; State v. Linck, 68 Mo. App. 161; State v. Satchwell, 68 Mo. App. 39. (2) The evidence upon the whole case was not sufficient to warrant the defendant's conviction. State v. Doyle, supra; State v. Linck, supra; State v. Satchwell, supra;

BOND, J.—The defendant was convicted of wife abandonment under an information filed on the eighteenth of October, 1899, in the St. Louis Court of Criminal Correction. The trial was before the court without jury; no declarations of law were asked or given. The defendant appealed and assigned for error the insufficiency of the evidence to sustain the judgment.

1. To create the offense of wife abandonment under the terms of the statute defining the same, it is essential that the State should adduce evidence of the abandonment and the desertion of the wife without good cause, and also evidence of

the failure, neglect or refusal to maintain or provide for such wife. Of course, this devolves the duty of adducing affirmative evidence on the part of the prosecution of each of these statutory requirements. R. S. 1899, sec. 1861; State v. Linck, 68 Mo. App. 161; Ibid, 39.

In this case the records show that the appellant admits that he did not contribute anything to the support of his wife. He left her in September, 1899, because, as he alleges, she sought to have him arrested and taken to the asylum or hospital, on the ground that he was insane. On the question as to abandonment, the wife testified, among other facts, to-wit: "I am the wife of the defendant, Philip Macklin. I was married to him twenty years ago. We lived together until October 7, 1899, when he left me. We have four children, the eldest a boy of nineteen, the second a girl of sixteen are staying with me. My husband took the younger ones of thirteen and nine years, who are with him. My husband came home drunk on Sunday, September 3, 1899; he had delirum tremens. He had been out on the ice wagon Sunday morning. I do not know whether he was suffering with heat prostration; I do not know anything about delirum tremens, or heat prostration. The weather was very hot. He came home and tried to kill me. He said he would kill me. He broke a pitcher and tried to cut me with it. My husband was taken to his brother Jake's house. He was there one day, and was sent to the hospital. On Saturday he came back to his home with me when he came out of the hospital, and on Monday he went to work. About a week after he came home crazy, like, and cursed me, and wanted to kill me, and I got scared and went for the police. I never gave my husband any cause why he should leave me. I always looked after my household, and treated him well."

This evidence has an unquestionable tendency to show
Vol 86 app—43

that the defendant willfully abandoned his wife without good cause, and coupled with his own admission of subsequent failure to contribute anything to her support, constituted a sufficient basis for the finding of the fact made by the trial court. We have no power, under the records now before us, to set aside the finding, for the rule in criminal, as well as in civil cases is, that where a verdict rests upon substantial evidence, it can not be attacked in the appellate court on the ground that it is unsupported by the evidence.   State v. Dewitt, 152 Mo. l. c. 86; State v. Williams, 149 Mo. l. c. 500.   The facts in this record are essentially different from those shown in a subsequent prosecution against the same party for like crime, resulting in conviction in the lower court, from which he was discharged on his appeal to this court, as will clearly appear from the statement in the opinion rendered therein this term, p. 636, this volume.

In the case now under review, no other errors are assigned than the one relating to the evidence in securing the judgment which as has been shown is wholly untenable.   The judgment is, therefore, affirmed.   Judge *Bland* concurs; Judge *Goode* not sitting.