## THE STATE v. CHARLES HUBBARD, alias AL MINOR, Appellant.

**Division Two, March 5, 1907.**

1. **EVIDENCE: No Exception: New Trial.** Defendant must timely except to the action of the trial court in admitting testimony in order to raise the question in the motion for new trial.

2. ————: **Separate offenses: Identity.** Evidence as to the commission of other separate and distinct offenses committed by defendant is admissible where it tends to throw light on the question of his identity.

3. ————: **Letters: Foundation: Witness: Credibility.** The testimony of a witness that defendant admitted that he had sent certain letters, is a sufficient foundation for the introduction of the letters in evidence; and the credibility of the witness is a question for the jury.

4. ————: **Conflicting: Province of Jury.** It is the province of the jury to settle conflicts in the testimony, and where there is substantial testimony to support their finding, it will not be disturbed.

Appeal from Jackson Criminal Court.—*Hon. John W. Wofford*, Judge.

AFFIRMED.

*Herbert S. Hadley,* Attorney-General, and *Frank Blake,* Assistant Attorney-General, for the State.

(1)  Testimony introduced for the purpose of identifying defendant is permissible to prove every act connecting defendant with the crime charged.  State v. Bailey, 190 Mo. 257; State v. Walker, 194 Mo. 262; 1

Wigmore on Evid., sec. 414.   (2)   Without regard to defendant's admission to the witness that he wrote the letters, they were competent evidence.   3 Wigmore on Evid., sec. 2153; Kloes v. Wurmser & Louis, 34 Mo. App. 453; Sanders Pub. Co. v. Emerson, 64 Mo. App. 662.

FOX, P. J.—This cause is now pending before this court upon an appeal by the defendant from a judgment of conviction in the criminal court of Jackson county, for grand larceny.   On June 2, 1905, the prosecuting attorney of Jackson county filed an information against the defendant, Charles Hubbard, alias Al Minor, charging him with having committed grand larceny in September, 1904, in Jackson county, Missouri, the specific allegation being that he stole two gray mares of the value of $200, the property of Emanuel Landis, a Kansas City liveryman.   After being duly arraigned a trial was had on the 4th day of April, 1906. The State introduced numerous witnesses upon the trial of this cause and the testimony of such witnesses tended very strongly to identify the defendant as the man who committed the larceny charged in the information.   We deem it unnecessary to set out in detail the testimony of the various witnesses, but it is sufficient to say that the testimony introduced by the State satisfactorily pointed to the guilt of the defendant.   On the other hand, the defendant introduced numerous witnesses which tended to establish an alibi, which was the defense interposed in this case.   We will treat further of the testimony in this cause during the course of the opinion.

At the close of the evidence the court fully instructed the jury upon every phase of the case to which the testimony was applicable.   The jury returned a verdict finding the defendant guilty as charged and assessed his punishment at imprisonment in the penitentiary for a term of six years.

Timely motions for a new trial and in arrest of judgment were filed and by the court overruled. Sentence and judgment followed in conformity to the verdict and from this judgment the defendant prosecuted this appeal and the cause is now before us for review.

## OPINION.

The appellant is not represented in this court; therefore, in obedience to the requirements of the statute we have undertaken to carefully examine the disclosures of the record with a view of ascertaining if there was any reversible error in the action of the trial court.

In the fifth ground in the motion for new trial appellant complains of error on the part of the trial court in the admission of testimony tending to show the commission of separate and distinct offenses wholly disconnected from the case at bar. This assignment of error is doubtless directed to the testimony of one of the witnesses, Thomas Hubbard, who is a half brother of the defendant. It is sufficient to say upon this assignment of error that the record fails to disclose the preservation of the error complained of and urged in the motion for new trial by proper and timely exceptions to the action of the court in admitting the testimony. Furthermore, it may be said that the identity of the defendant was one of the controverted questions before the jury, and this testimony in some of its phases had a tendency to throw light upon that question.

The eleventh ground in the motion for new trial complains of error on the part of the trial court in the admission of certain documentary evidence in the way of letters written by or at the instance of the defendant and predicated the error complained of on the ground that there was no proper foundation laid for the introduction of such letters in the way of showing that

they emanated from the defendant. Upon this complaint it is only necessary to say that we have carefully read in detail the testimony forming the basis for the introduction of the letters. It is only necessary in seeking the foundation for the introduction of the letters to look at the testimony of Thomas Hubbard, as heretofore stated, who was a half brother of the defendant, and, while this witness had served a term in the State penitentiary, yet his credibility and the weight to be given his testimony was a question for the jury. His testimony clearly shows that the defendant had sent these letters, and he says substantially that the defendant admitted that he had sent the letters; therefore, we see no escape from the conclusion that the action of the court was proper in the admission of this testimony.

We have read in detail the testimony of the witnesses on the part of the State as well as the defendant testifying in this cause. If the jury believed the testimony of the witnesses testifying for the State they had ample support for the conclusion reached in their verdict. On the other hand, if the testimony as introduced by the defendant tending to establish an alibi was true, then he was not present at the time of the commission of the offense charged and therefore would be entitled to an acquittal. At last the jury must determine the facts submitted to them. It is specially their province to determine the credibility of the witnesses as well as the weight to be given their testimony, and where there is any substantial testimony which supports the finding of the jury, as has been repeatedly said by this court, their finding will not be disturbed.

The testimony as disclosed by the record is ample to support the verdict. The court fully and fairly presented the case to the jury in its instructions, and finding no reversible error in the record before us the judgment of the trial court should be affirmed, and it is so ordered.

All concur.