## STATE OF MISSOURI, Respondent, v. CHRIST WEISE, Appellant.

St. Louis Court of Appeals, April 4, 1911.

1. **APPELLATE PRACTICE: Crimes and Punishments: Questions Reviewable: Limited by Motion for New Trial.** Where, in a criminal prosecution, the only ground for a new trial assigned in defendant's motion therefor is that the verdict is contrary to the law and evidence, no other matter of exception can be considered on appeal.

2. **WIFE ABANDONMENT: Crimes and Punishments: Elements of Offense: Husband and Wife.** To authorize a conviction for wife abandonment under the statute, the abandonment must have been with criminal intent, without good cause, and without intention to resume cohabitation, and accused must have

failed to provide for his wife when he had the means to do so; mere abandonment and subsequent failure and refusal to support not being sufficient.

3. ———: ———: **Sufficiency of Evidence: Husband and Wife.** Evidence, in a prosecution for wife abandonment, *held* to sustain a conviction.    (REYNOLDS, P. J., dissenting.)

4. ———: ———: ———: ———:    Evidence, in a prosecution for wife abandonment, *held* to show an abandonment of his wife by accused, without good cause and with criminal intent, and a failure by him, with criminal intent, to provide for his wife. (REYNOLDS, P. J., dissenting.)

5. **'CRIMES AND PUNISHMENTS: Conclusiveness of Verdict.** In a criminal case, the verdict of the jury, based on conflicting evidence, will not be disturbed on appeal, if supported by substantial evidence.

6. **WIFE ABANDONMENT: Crimes and Punishments: Defenses: Conduct of Wife Subsequent to Commencement of Prosecution.** That accused's wife refused to take him back, except upon condition, after an information had been filed against him for wife abandonment and he was under arrest and on bail, was not a defense; the sufficiency of the state's case being determined as of the date the information was filed.

Appeal from St. Louis Court of Criminal Correction.— *Hon. Wilson A. Taylor,* Judge.

AFFIRMED.

*C. T. Bauer* and *H. A. Ashoff* for appellant.

*Howard Sidener,* Prosecuting Attorney, and *William Baer,* and *J. B. Garber* for respondent.

STATEMENT.—The defendant was convicted on September 8, 1909, of the offense of abandoning his wife without good cause, and failing, neglecting and refusing to maintain and provide for her, and was adjudged to serve six months in the workhouse of the city of St. Louis. There are no assignments of error before this court or brief filed on behalf of the appellant, but nevertheless under section 5312, Revised Statutes 1909, we must render judgment upon the record. The only

ground urged by appellant in his motion for a new trial was that the finding was contrary to the law and the evidence. There were no declarations of law asked or given.

The evidence on behalf of the state tended to show that on August 18, 1908, defendant and his present wife, Sophia Wiese, had been married and lived together for over thirty-three years and were then occupying a rented house in the city of St. Louis. Two grown sons and a grown daughter, all unmarried, lived with them. The defendant had lately, on July 31, 1908, sold his farm near Washington, Missouri, for $6000 and had moved, with his family, into the city. On August 18, 1908, he left the city, telling his wife he had business to attend to at the old home and would return when that was finished. He gave her ten dollars with which to pay her household expenses until his return. He then disappeared for over a year. The proceeds of the sale of his farm disappeared with him. His family tried to locate him by inquiries, by reporting the matter to the police, by advertisement, by having his picture inserted in a newspaper, and otherwise. No news came from the missing man and all trace of him seemed lost. On August 18, 1909, having evidence that defendant was alive and a suspicion that he was at the Pontiac Hotel in the city of St. Louis, the wife caused a warrant to be issued against him for wife abandonment, and two days later he was arrested at the hotel. Before the arrest, the sons preceded the officer to the hotel and found defendant in a room on the second floor. They asked him to go home with them, but he refused, and started to leave, whereupon they had him arrested. One of the sons testified that when defendant was searched at the station he had a railroad ticket in his pocket good for that night; that the defendant's signature on the hotel register showed that he had been in the hotel for ten days. Defendant had six hundred dollars on his person when arrested. The wife and children testified

for the state to the effect that they had treated defendant well prior to his leaving his wife; that she had taken good care of him and the house, and nothing whatever had happened at or about the time that he left.  The wife testified that he had left her penniless, with nothing to live on, except the ten dollars, and that since leaving her and up to the time of the trial he had not provided for her.  She was compelled to subsist on the bounty of her children.  Defendant gave testimony on his own behalf to the effect that he was sixty-eight years old, and had become sick and nervous because his family had not treated him with any kindness, but were continually "knocking at him," that the boys had neglected the work on the farm and he had been compelled to borrow money to keep the house going.  That he had left his wife in search of health and during the year of his absense had been in a sanitarium and in different cities under the treatment of doctors and nurses.  That he had intended to stay away only until he got well.  He admitted, however, the fraudulent manner of his going.  He admitted he had money and had $600 on his person when arrested, and that he had not given his wife more than ten dollars when he left and had sent her no money for her support while he was absent, but said that she had money; that he did not know how much; had paid no attention to that, but that she had some.  He admitted also that about the first of June he had been in the city at the Pontiac Hotel and had there seen a married daughter, who did not live with her mother and who seems to have been unfriendly with her; that he had also been at the Pontias Hotel for a week or ten days before he was arrested; that while he was gone he had communicated his whereabouts only to his married daughter.  He testified that he had intended to go home the day he was arrested but admitted that he refused to go when his sons came for him.  He attributed his refusal to a desire not to be forced.  He testified that he had gone to the hotel to rest up a little; that he was afraid that

they would start to "knocking at him" again, and he wanted to rest before undergoing the ordeal. He denied having a railroad ticket in his pocket. He testified that when he was in St. Louis in June he was too sick to make any effort to go and see his wife.

The wife and children, testifying, denied that they had ever "nagged" or "knocked" at the defendant. To some extent, however, they corroborated his testimony that for some time before he abandoned his wife he had been suffering from "nervousness."

There is also much evidence in the record, elicited from the defendant and from the state's witnesses on cross-examination, by defendant's counsel, to the effect that after the information was filed and after defendant had been arrested and released on bail, he went back to the house where his wife and children lived and that they would not permit him to stay unless he would divide with her the money that he had received for the farm.

CAULFIELD, J. (after stating the facts).— We see no reason for disturbing the finding and judgment of the trial court. The information is sufficient and there are no errors in the record proper. The only ground urged by appellant in his motion for a new trial being that the finding is contrary to the law and the evidence, that is the only matter of exception we can consider. [State v. Millikan, 24 Mo. App. 462.]

To authorize a conviction for wife abandonment, under the statute, it is incumbent on the state to prove beyond a reasonable doubt that the alleged abandonment was without good cause and with criminal intent, and that defendant with such intent failed to provide for his wife. [State v. Doyle, 68 Mo. App. 219.] Evidence of a mere abandonment and a subsequent failure and refusal of support does not prove the criminal offense denounced by the statute. The state must show that the defendant had not "good cause" for the abandon-

State v. Weise.

ment [State v. Greenup, 30 Mo. App. 299]; and that the abandonment was with intention not to resume cohabitation [State v. Linck, 68 Mo. App. 161, 163]; and that his failure to provide for her was not due to his lack of means or lack of ability to provide. [State v. Linck, supra; State v. Broyer, 44 Mo. App. 393.]

We are convinced that the prosecution has met all these requirements. The testimony adduced by the state tended to prove that defendant left his wife and home after being the recipient of kind and proper treatment only, and without any disturbing incident having occurred; that he departed upon a pretended errand, with a false pretense of an early return; that he carried with him or had secreted a large sum of money; that he was absent for a year, and during that entire period was very evidently in hiding from his wife; that he had made secret visits to the city; that when caught he had a railroad ticket and six hundred dollars in money on his person, and refused to go home. All this strongly tends to support the charge of wife abandonment without good cause and with criminal intent. And its necessary concomitant, failure with criminal intent to maintain and provide for his wife, was amply proven by the testimony for the state, that, although possessed of a large sum of money even unto the time he was caught, and although intending to abandon her in her old age, he gave her but ten dollars, and otherwise left her, and continued to leave her, penniless and unprovided for, without means of support, the object of the mere bounty of her children.

Against the proof offered by the state, the testimony of the defendant seems pitifully inconclusive and unconvincing. At most it raised a conflict in the testimony. It was for the trier of the fact to settle whatever conflict there was. [State v. Hubbard, 201 Mo. 639, 100 S. W. 586.] It could believe or not defendant's story. [State v. Athanas, 150 Mo. App. 588, 131 S. W. 373.] Its finding indicates it did not believe the de-

fendant and did believe the state's witnesses. That finding being supported by substantial testimony will not be disturbed by us. [State v. Hubbard, supra.] It is immaterial that after the information was filed and defendant had been arrested and was at large on bail his wife refused to receive him except upon condition. If the state had a case when the information was filed, it could not lose it by matter subsequent. [State v. Fuchs, 17 Mo. App. 458, 461.]

The judgment is affirmed. *Nortoni, J.,* concurs; *Reynolds, P. J.,* dissents in separate opinion.

## DISSENTING OPINION.

REYNOLDS, P. J.—I am unable to agree to the conclusion arrived at by my learned associate in this case. On a careful consideration of all the testimony as presented by the transcript, I find no evidence which, to my mind, even tends to show that the defendant abandoned his wife with any criminal intent, the presence of criminal intent, as said by this court in State v. Doyle, 68 Mo. App. 219, lying at the very root of these cases. Nor do I find any evidence tending to show that the so-called abandonment was with the intention not to resume cohabitation. That is an essential fact to be proven, as held in State v. Linck, 68 Mo. App. 161. A reading and re-reading of the testimony in the case satisfies me that this old man, now nearly seventy years of age, was broken down mentally, that his nervous system was shattered, and that when he left his wife, while saying he was going to attend to business, in point of fact he went wandering over the country in search of lost health, going to sanitariums—from one health resort to another. I find no evidence justifying this conviction and I particularly find none sustaining the severity of the sentence imposed on him by the trial court, a sentence admitted by the prosecution in their printed argument to be a "heavy punishment." As I

view this case and its evidence, it has for its foundation a desire, under the guise of a prosecution in the name of the state, to force this old man to do something that the law does not require him to do, namely divide up the proceeds remaining from the sale of his farm in Franklin county with his family, all of the latter adults. I think the judgment should be reversed and the defendant discharged.