## STATE OF MISSOURI, Respondent, v. WALLACE LOVING, Appellant.

### St. Louis Court of Appeals, June 20, 1914.

1. **WIFE ABANDONMENT: Evidence.** In a prosecution for wife abandonment, it was prejudicial error to admit evidence that defendant's uncle grossly insulted the prosecuting witness, and that upon her reporting the same to defendant, he merely laughed and apparently gave the matter no further thought, since this evidence was entirely irrelevant to the charge laid against defendant, and was highly prejudicial, as tending to poison the minds of the jurors against him.

2. ——: ——: ——. In a prosecution for wife abandonment, it was error to admit evidence that defendant had made statements respecting his wife, before the marriage, to the effect that he intended to accomplish a certain purpose, even if he had to marry her in order to do so, since this evidence was entirely irrelevant to the charge laid against defendant, and was highly prejudicial, in that it tended to poison the minds of the jurors against him.

3. **CRIMES AND PUNISHMENTS: Evidence Erroneously Admitted: Effect of Cross-Examination.** The defendant, in a criminal prosecution, does not waive his objections to the introduction of evidence, theretofore properly interposed, with timely exceptions saved to the overruling thereof, either by cross-examination or by introducing countervailing testimony along the same line.

4. **WIFE ABANDONMENT: Elements of Offense.** In a prosecution for wife abandonment, under Sec. 4495, R. S. 1909, evidence of a mere abandonment and a subsequent failure and refusal to support is not sufficient, but the State must show that defendant did not have good cause for the abandonment, that the abandonment was with the intention not to resume cohabitation, and that his failure to provide for his wife was not due to his lack of means or lack of ability to provide.

5. ——: **Sufficiency of Evidence.** In a prosecution for wife abandonment, under Sec. 4495, R. S. 1909, *held* that the State failed to show that defendant was possessed of means or ability to provide for his wife, and hence failed to show that he was guilty of the offense denounced by the statute.

State v. Loving.

Appeal from Dunklin Circuit Court.—*Hon. W. S. C. Walker,* Judge.

REVERSED.

*C. P. Hawkins* for appellant.

(1) To authorize a conviction for wife abandonment, under this section of the statute, it is incumbent on the State to prove beyond a reasonable doubt that the alleged abandonment was without good cause and with criminal intent, and that the defendant with such criminal intent, willfully failed to provide for his wife. State v. Greenup, 30 Mo. App. 299; State v. Brenkham, 40 Mo. App. 284; State v. Satchwell, 68 Mo. App. 39; State v. Doyle, 68 Mo. App. 219; State v. Linck, 68 Mo. App. 161.

*Thos. F. Donaldson,* prosecuting attorney, and *J. P. Tribble,* assistant prosecuting attorney, for respondent.

ALLEN, J.—This is a prosecution under section 4495, Revised Statutes 1909, for wife abandonment. Defendant was convicted, and his punishment assessed at a fine of two hundred and fifty dollars and imprisonment in the county jail for a period of ninety days, and he appeals.

Defendant, a young man living in Dunklin county, was married to the prosecuting witness on August 21, 1910. It appears that the marriage was kept a secret until some time early in the following October, both of the contracting parties continuing to live with their parents. They then went to the home of defendant's brother-in-law, where they remained for about a week, and from there went to live at the home of defendant's mother, where they remained until on or about December 7th of that year. On the last-mentioned date it appears that they left the home of defendant's

mother and again went to that of defendant's brother-in-law. It seems that on the following day they went to Senath, where the wife purchased some clothing, for which defendant paid, returning to the brother-in-law's home. The wife testified that defendant, upon this evening, went to his mother's home and did not return until after midnight; that she was asleep when he returned, and that he woke her and asked for his "work clothes" and left without saying anything further. The wife testified that she did not again see him for some two months. They did not live together after the separation, and defendant thereafter contributed nothing to his wife's support.

It is unnecessary to rehearse the testimony in detail, and only such portions thereof will be referred to as are pertinent to the matters hereinafter discussed.

We think it quite clear that prejudicial error intervened in the admission of testimony. Over the objections of defendant's counsel, the wife was permitted to testify that during the time that she lived with defendant at his mother's home, an uncle of the defendant upon two occasions grossly insulted her; and that upon reporting the same to the defendant, he merely laughed, and apparently gave the matter no further thought. This testimony was entirely irrelevant to the charge laid against defendant in the information, viz., that of wife abandonment. His treatment of his wife, and his attitude in regard to insults toward her, might be pertinent in an action for divorce, but have naught to do with the offense for which he was being tried. Such testimony, we think, was highly prejudicial, in that it tended to poison the minds of the jurors against the defendant, and constituted reversible error.

And again, over the objections of defendant's counsel, two witnesses were permitted to testify to statements made by the defendant respecting the

prosecuting witness, some time before the marriage, to the effect that he intended to accomplish a certain purpose, even if he had to marrry her in order to do so. This testimony likewise was not relevant to the charge of wife abandonment, and was highly prejudicial. It related to a point of time long prior to the commission of the offense with which defendant stands charged, did not tend to establish any element of such offense, and its effect could only have been to prejudice the jury against him.

But it is urged by respondent's counsel that appellant waived his objections to all of the foregoing testimony by cross-examination, and by introducing countervailing testimony. But in this counsel are in error. It is true that one cannot complain of error which he has invited. But this rule has no application "to a case where the losing party, as here, does not invite the error, but yields under protest to the theory of the trial court and thereafter tries, as best he may, to ameliorate his plight by administering an antidote to the poison already injected in the case, to see if, peradventure, he may not be able to render it innocuous." [See Bailey v. Kansas City, 189 Mo. 513, 87 S. W. 1182.] It is well settled that one does not waive his objections, theretofore properly interposed, with timely exceptions saved to the overruling thereof, either by cross-examination, or by introducing countervailing testimony along the same line. [See Rourke v. Railroad, 221 Mo. 64, 119 S. W. 1094; Met. St. Ry. Co. v. Walsh, 197 Mo. 392, 94 S. W. 860; Bailey v. Kansas City, supra; Reynolds v. Publishers: Geo. Knapp & Co., 155 Mo. App. 612, 135 S. W. 103; Miles v. Railway Co., 76 Mo. App. 489.]

As is said by ELLISON, J., in the last-mentioned case: "It would be a strange rule that would permit one to introduce evidence over the protest and objection of the opposite party, and then refuse the lat-

ter the privilege of cross-examination on that subject unless he waived the objection.''

We are referred by respondent's counsel to what is said in State v. Moore, 156 Mo. 204, 56 S. W. 883, in support of their contention in this regard. The point in question was there disposed of upon another ground; and in so far as the case can be said to be authority for respondent's position, it cannot be regarded as controlling, in view of the later decisions of the Supreme Court above referred to.

But the evidence does not appear to be sufficient to sustain the conviction. ''To authorize a conviction for wife abandonment, under the statute, it is incumbent on the State to prove beyond a reasonable doubt that the alleged abandonment was without good cause and with criminal intent, and that defendant with such intent failed to provide for his wife. [State v. Doyle, 68 Mo. App. 219.] Evidence of a mere abandonment and a subsequent failure and refusal of support does not prove the criminal offense denounced by the statute. The State must show that the defendant had not 'good cause' for the abandonment (State v. Greenup, 30 Mo. App. 299) ; and that the abandonment was with intention not to resume cohabitation (State v. Linck, 68 Mo. App. 161, 163) ; and that his failure to provide for her was not due to his lack of means or lack of ability to provide. [State v. Linck, supra; State v. Broyer, 44 Mo. App. 393.] '' [See State v. Weise, 156 Mo. App. 135, 136 S. W. 238.]

In the instant case, the defendant was a young man of about twenty-one years of age, at the time of the commission of the alleged offense; and it is to be inferred that he was without means. It is certain that he had no home to which to take his wife, and that they lived with his relatives during the brief period of cohabitation. Whether he had employment after the separation, or made an honest effort to secure employment, does not appear. The State proved an

entire failure on his part to provide for his wife after leaving her, but nothing whatsoever appears as to his ability to earn a livelihood or his efforts in that regard.

It may be that there was evidence tending to show that the defendant had not good cause for the abandonment, sufficient to take this question to the jury. However, there was uncontradicted testimony of defendant's mother to the effect that the separation had been agreed upon when defendant and his wife left the mother's house, the day before the alleged abandonment; and that she heard them speaking of packing their clothes separately at that time, and spoke to defendant's wife concerning the separation, telling her that she would later be sorry therefor. And there was much testimony indicating that the separation was brought about by the wife, though she contradicted the statements of defendant's witnesses in this regard. Likewise the evidence may justify the inference that the alleged abandonment was with the intention not to resume cohabitation.

But however this may be, there is a total lack of any evidence relating to defendant's ability to provide for his wife. Nothing appears as to his financial condition or his earning ability. It may be perhaps inferred that he was able-bodied; but nothing thereto appears. This is a criminal prosecution, and a criminal intent must appear. [See State v. Broyers, supra, l. c. 494.] The State failed to show that defendant was possessed of means or ability to provide for his wife, and hence failed, we think, to show that he was guilty of the criminal offense denounced by the statute.

We are therefore led to the conclusion that the judgment should be reversed and the defendant discharged; and it is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.