## STATE OF MISSOURI, Respondent, v. CARL U. ANDERSON, Appellant.

### St. Louis Court of Appeals, April 6, 1915.

1. **CHILD ABANDONMENT: Elements of Offense: Sufficiency of Evidence.** Under Sec. 4495, R. S. 1909, as amended by Laws of 1911, p. 193, declaring it to be an offense if a man, without good cause, abandon his child, under the age of fifteen years, and shall fail, neglect or refuse to maintain and provide for it, there must be a concurrence of abandonment of the child, without good cause and with criminal intent, and of failure, neglect or refusal to maintain and provide for it, with criminal intent; and hence where the mother, without consulting her husband, moved their household effects from their home to other quarters, took the children with her, and refused to permit the husband to live with her, the husband was not guilty of the offense denounced by the statute, even though he neglected to support the children, since, although he remained liable for their support while they were in the custody of their mother against his will, an abandonment, as well as a neglect or refusal to maintain and provide for them, was necessary to constitute a violation of the statute, and, under the circumstances, there

was no criminal abandonment, regardless of whether the husband or the wife was originally at fault.

2. **CRIMES AND PUNISHMENTS: Burden of Proof: Invocation of Civil Rights and Remedies.** The burden is upon the State, in a criminal prosecution, to prove every constituent element of the offense charged, and in determining whether or not an offense has been committed, civil rights and remedies that may exist in favor of the person wronged may not be taken into consideration.

3. **PARENT AND CHILD: Support of Children: Liability of Father.** A father is liable for the support and maintenance of his children although they are in the custody of the mother, from whom he is living apart; and the mother's refusal to permit him to take them does not of itself afford any justification for his refusal to provide for them.

Appeal from St. Louis Court of Criminal Correction.— *Hon Victor H. Falkenhainer,* Judge.

REVERSED.

*C. J. Anderson* for appellant.

(1) The evidence is not sufficient to support the findings of the court sitting as a jury, nor the judgment rendered and entered thereon. State v. Langley, 248 Mo. 545; State v. Thornton, 232 Mo. 298; State v. Doyle, 68 Mo. App. 219; State v. Linck, 68 Mo. App. 161; State v. Scatchwell, 68 Mo. App. 39. (2) Before a conviction could be had in this case it was incumbent on the State to prove: First, that defendant wilfully and without good cause did abandon his child or children; second, that he failed, neglected or refused to maintain and provide for such child or children such things as were necessary; third, the financial ability of defendant to furnish such necessities. State v. Langley, 248 Mo. 545; State v. Link, 68 Mo. App. 161. To this must be added a fourth element, viz., that such child or children were not provided with such necessities from other sources. State v. Thornton, 232 Mo. 298.

*Howard Sidener,* Prosecuting Attorney, for respondent.

(1) A duty rests upon a father to support his children, although they are not in his possession. Viertel v. Viertel, 212 Mo. 562; Keller v. St. Louis, 152 Mo. 596. (2) Although no lack of food, clothing, lodging or other necessities were shown, the defendant is nevertheless guilty. Sec. 4495, R. S. 1909, as amended by the laws of 1911. (3) It is no defense that necessities were received from other sources. Sec. 4435, R. S. 1909, as amended by the laws of 1911.

ALLEN, J.—This is a prosecution under section 4495, Revised Statutes 1909, as amended in 1911. [See Laws 1911, p. 193.] The information is in two counts, the first charging defendant with wife abandonment, and the second charging him with the abandonment of and failure and refusal to maintain and provide for his two minor children, aged fourteen and eleven years respectively. Defendant was acquitted of the offense charged in the first count, but found guilty under the second count. His punishment was assessed at six months in the St. Louis city workhouse, and he appeals.

It is unnecessary to here review the evidence at length. It appears that both defendant and his wife are of foreign birth, and that prior to his conviction defendant had resided in the city of St. Louis for a period of about five years. Some months prior to the filing of the information herein on November 15, 1911, defendant and his wife had certain domestic difficulties, and in June, 1911, defendant was arrested at the instance of his wife, charged with disturbing her peace, was convicted and sent to the city workhouse where he remained for about three weeks. According to the testimony of the wife and the younger child, defendant was addicted to strong drink and was abusive; but the

testimony adduced in defendant's behalf tended to controvert this. And it appears that prior to about the time of the trouble aforesaid, defendant worked regularly and brought his wages home to the wife. We may omit the details of this part of the evidence, since the case before us is a criminal prosecution for the statutory offense charged.

Upon being released from the workhouse defendant returned to his home. There is some conflict in the testimony as to what took place at and about this time, but it is undisputed that defendant for some nights slept upon a porch, the younger child bringing him food. Within a short time he procured work, and the evidence is that he then offered to live with his wife and children, but that the wife declined such offer. This she does not deny, but testified at the trial that she would not live with defendant; and it is not disputed that without consulting defendant she procured other quarters into which she moved the household goods, taking the children with her. Defendant appears to have contributed but little to the support of the children thereafter prior to the filing of the information. His earnings, though not definitely shown, appear to have been small, and it seems that he was physically unable to work during a part of the time. There is evidence, however, tending to show that he sought to take the younger child and provide for it. Other testimony proffered along this line was excluded.

The trial court found that under the evidence no conviction could be had for wife abandonment, but held that the evidence was sufficient to sustain a conviction under the second count of the information. A careful review of the evidence adduced, however, has convinced us that the conviction cannot stand.

Two essential elements are necessary to constitute the offense in question, viz., (1) an abandonment of the children, without good cause, and with criminal intent, and (2) the failure, neglect or refusal to maintain and

provide for them, with criminal intent. This statute, as it stood prior to the amendment of 1911, covering only the offense of wife abandonment, has been frequently before the courts of this State. It has been uniformly held that the two essential elements above mentioned must concur in order to make out the offense of wife abandonment under the statute. [See State v. Greenup, 30 Mo. App. 299; State v. Brinkman, 40 Mo. App. 288; State v. Broyer, 44 Mo. App. 393; State v. Weber, 48 Mo. App. 500; State v. Linck, 68 Mo. App. 161; State v. Doyle, 68 Mo. App. 219; State v. Wiese, 156 Mo. App. 135, 136 S. W. 238; State v. Loving, 184 Mo. App. 82, 168 S. W. 339.]

It is clear that the same two elements must be present in order to justify a conviction under the statute, as amended in 1911, for child abandonment. The statute provides that "if any man shall, without good cause, . . . abandon his child or children under the age of fifteen years born in or legitimatized by lawful wedlock and shall fail, neglect or refuse to maintain and provide for such . . . child or children, he shall upon conviction be punished," etc. The abandonment and failure to provide are in the conjunctive, and must concur in order to make the offense complete. It was recently so held by this court in State v. Teitz, 186 Mo. App. 672, 172 S. W. 474, a case of this precise character, under the statute as amended, and where in an opinion by REYNOLDS, P. J., the earlier cases are fully reviewed.

In the instant case it is clear that the State failed to prove an abandonment within the meaning of the statute, i. e., a willful abandonment of the children, with criminal intent. [See State v. Satchell, 68 Mo. App. 39; State v. Fuchs, 17 Mo. App. 450; State v. Teitz, supra.] As shown above, the mother without consulting defendant, moved the household effects and took the children with her, and declined to thereafter permit defendant to live with her. From these facts a crim-

inal abandonment of the children by defendant cannot be found, no matter whether it was defendant or his wife who was originally at fault. We cannot here reckon with the civil rights and remedies that may exist. This is a criminal prosecution, and the burden is upon the State to prove every constituent element of the offense charged. [State v. Langley, 248 Mo. 545, 154 S. W. 713.]

The record discloses that the trial court was imbued with the theory that where parents have separated and children remain in the custody of the mother, against the father's will, he is nevertheless liable for their support and maintenance. This, broadly speaking, is sound doctrine. The mother's refusal to permit the father to take the children of itself affords no justification to him for refusing to provide for them; but he ordinarily remains liable for their support. [See LaRue v. Kempf, 186 Mo. App. 57, 171 S. W. 588, and authorities cited; White v. White, 169 Mo. App. 40, 154 S. W. 872.] But though a father is under both a moral and a legal obligation to support his minor children, it does not follow that in every case where he has been remiss in the performance of that duty he may be convicted of a criminal offense. [See State v. Thornton, 232 Mo. 298, 134 S. W. 519.]

Other questions suggested, or springing from the record before us, need not be discussed. Our conclusion is that the evidence is insufficient to convict the accused of the offense denounced by the statute. The judgment should therefore be reversed and the defendant discharged. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.