**STATE of Missouri, Plaintiff-Respondent,**

v.

**Dale ROSEBERRY, Defendant-Appellant.**

**No. 7440.**

Springfield Court of Appeals. Missouri.

Nov. 8, 1955.

Ronald J. Fuller, Rolla, for defendant-appellant.

Jay White, Rolla, for plaintiff-respondent.

STONE, Judge.

Defendant appeals from the judgment and sentence entered upon the jury verdict which found him guilty of failing, neglecting and refusing to provide adequate food, clothing, lodging and medical attention for his wife, Velma Lee Roseberry [Section 559.350, as amended Laws of 1953, p. 424], and which assessed his punishment at imprisonment in the county jail for 90 days and a fine of $250. (All statutory references herein are to RSMo 1949, V.A.M.S.)

Defendant's primary complaints are that the trial court erred in denial of his motions for judgment of acquittal filed at the close of the state's case-in-chief and at the close of all of the evidence. Al-

though the language of 42 V.A.M.S. Rule 26.10 of the Rules of Criminal Procedure as originally adopted, effective January 1, 1953, afforded some basis for argument to the contrary, it is clear that our Supreme Court did not intend thereby to abrogate or change the long-established principle that a defendant, who does not stand on his motion at the close of the state's case but offers evidence in defense, waives any error in refusal of that motion. State v. Bledsoe, Mo., 254 S.W.2d 618, 622(6). See also cases collated in Vol. 9A, West's Missouri Digest, Criminal Law, . For, the Supreme Court has clarified the meaning of Rule 26.10 by amendment of the last sentence thereof so that, as amended, that sentence now reads, "If a defendant's motion for judgment of acquittal at the close of the state's case-in-chief is not granted the defendant may offer evidence without having reserved the right." Thus, we rule that, in the instant case, defendant waived any alleged error in refusal of his motion at the close of the state's case when he offered evidence in his own defense.

Defendant, a young man whose exact age is not shown, married Velma Lee Gibson, nineteen years of age, on July 21, 1953. The couple began their married life in a three-room furnished apartment in St. Louis, where defendant was employed as a fireman by the Terminal Railroad Association, earning $425 to $450 per month. When defendant was laid off temporarily in November, 1953, his wife (to whom a child had been born in the meantime) was taken to the home of her parents near Edgar Springs in Phelps County, Missouri. Velma's testimony was that she visited with her parents only three days before returning to St. Louis, and that she lived with defendant until he, again laid off temporarily, took her and the child back to her parental home on January 10, 1954. According to Velma, defendant then "promised to come back in two weeks and get me" but never returned for her thereafter. Defendant, denying paternity of a second child born on October 9, 1954, asserted that he had not lived with his wife after she went home

in November, 1953, and that, "if she wasn't at home * * * I don't know where she was" after that time.

The state's evidence showed that defendant, who had relatives in that vicinity, was in Edgar Springs "about every two weeks" after January 10, 1954. Defendant thought that he had been there "probably once a month." In any event, he admittedly never sought to contact his wife on any of those trips. In the period of about six months from January 10, 1954, to the filing of the information in this case on July 9, 1954, Velma saw defendant twice. On the first occasion during March, 1954, when she was at a theatre in Edgar Springs with her parents, she told defendant that she "had to have some money" and asked him "if he was going to come back and get me and take me back to St. Louis." Defendant gave her $10, told her that "there was no place for us to live" in St. Louis, and "sent me (Velma) back home." On the second occasion which was at a "private hearing" in Rolla during June, 1954; defendant promised that "he would send me (Velma) $40 a month" and also that "he would * * * come back in three days and get me and support me," but "he never came back and I never received any money." Velma insisted that the $10 obtained in March, 1954, was "the only support" she had received from defendant after January 10, 1954. Her husband testified that he had given her another $10 "in June" and undertook to excuse his conceded failure to make any further contribution toward her support because "I didn't have any more." However, defendant admitted upon trial that, although working "on the extra board" only three or four days each week, he had "averaged around $50 a week" after January, 1954. Notwithstanding the fact that he already owned a 1948 Chevrolet automobile "in running condition," defendant paid $30 for a used motorcycle in February, 1954; and, when "some boys wrecked it," "I give the old motorcycle and $500" for another one. Actually, defendant had paid $40 per month on his automobile and $65 per month on his motorcycle.

■ As defendant here emphasizes, in a prosecution under Section 559.350 for the alleged failure of a husband to support his wife, the state must prove every constituent element of the offense [State v. Miller, Mo. App., 33 S.W.2d 1063, 1064(2); State v. Young, Mo.App., 273 S.W. 1106(2); State v. Menkens, Mo.App., 266 S.W. 1004(1)] and thus must show not only the husband's *failure* to provide but also his *ability* to do so [State v. Ball, Mo.App., 157 S.W.2d 262, 263(3); State v. Burgoldt, Mo.App., 299 S.W. 829; State v. Clifton, Mo.App., 274 S.W. 89(3)] unless his inability to provide has been brought about willfully. State v. Florian, Mo.App., 91 S.W.2d 121, 122; State v. Mestemacher, Mo.App., 64 S.W.2d 130, 131; State v. Gilligan, Mo.App., 287 S.W. 779(2).

■■ However, in passing on the sufficiency of the evidence, as challenged by defendant's motion for judgment of acquittal at the close of all of the evidence, we must accept as true the substantial evidence and all inferences reasonably to be drawn therefrom which are favorable to the jury verdict [State v. Sheard, Mo., 276 S.W.2d 191, 193(3); State v. Shriver, Mo., 275 S.W.2d 304, 305(4); State v. Emrich, Mo., 250 S.W.2d 718, 725(8); State v. Bayless, 362 Mo. 109, 240 S.W.2d 114, 119(3)]; and, we may not weigh the evidence or judge the credibility of witnesses [State v. Clark, Mo., 277 S.W.2d 593, 595(2), 600(5); State v. Hampton, Mo., 275 S.W.2d 356, 359(4); State v. Jones, 363 Mo. 998, 255 S.W.2d 801, 804(5); State v. Thursby, Mo., 245 S.W.2d 859, 862(5)], excepting only insofar as that may be necessary to determine whether the evidence is sufficient to permit reasonable minds to believe defendant to be guilty beyond a reasonable doubt. State v. Nash, Mo., 272 S.W.2d 179, 183 (2). Viewing the evidence in the instant case in the light of the foregoing principles, we conclude without hesitation or doubt that the issue as to defendant's *ability vel non* to provide for his wife from January 10, 1954, to the filing of the information on July 9, 1954 (his *failure* to provide being in effect conceded), was for resolution by the jury and that its verdict finds ample

evidentiary support. State v. Earnest, Mo. App., 162 S.W.2d 338, 342; State v. Hartman, Mo.App., 259 S.W. 513, 514; State v. Stoughton, Mo.App., 189 S.W. 601; State v. Wiese, 156 Mo.App. 135, 136 S.W. 238. The motion for judgment of acquittal at the close of all of the evidence properly was overruled.

■ Defendant's next complaint is that instruction 1 was "incurably defective and erroneous" and was "vague and confusing" because it required a finding that the offense had been committed "from and after January 13, 1954, up to the time the charge in this case was filed," although there had been no evidence as to the date of filing of the information and the instruction did not give that date. It is true that, as defendant points out, the court should not refer the jury to the information to determine what must be found for conviction [State v. Herring, 268 Mo. 514, 536, 188 S. W. 169, 175(11); State v. McCaskey, 104 Mo. 644, 648, 16 S.W. 511, 512(3); State v. Brown, 104 Mo. 365, 371, 16 S.W. 406], although it should be noted that the giving of an instruction referring to the information has not always been held to have constituted *reversible* error. State v. Hicks, Mo., 167 S.W.2d 69, 73(7); State v. Citius, 331 Mo. 605, 616, 56 S.W.2d 72, 76(8); State v. Herring, supra, 188 S.W. loc.cit. 175. It is stated, as a broad general principle of universal application, that only prejudicial error justifies reversal. State v. Mayberry, Mo., 272 S.W.2d 236, 240(5); State v. Rohman, Mo., 261 S.W.2d 69, 72 (4); State v. Reagan, Mo., 108 S.W.2d 391, 397(16); State v. McGuire, 327 Mo. 1176, 39 S.W.2d 523, 527(18); State v. Tatman, 264 Mo. 357, 175 S.W. 69, 71(1). Thus, the giving of an erroneous instruction does not constitute reversible error if the jury is not misled thereby. State v. Harris, 357 Mo. 1119, 212 S.W.2d 426, 428 (7); State v. Fitzgerald, Mo., 174 S.W.2d 211, 213–214(5); State v. Baumann, Mo., 1 S.W.2d 153, 156(4, 5). "The touchstone * * * is: Did the instruction as given tend to prejudice the rights of the defendant. Absent this essential, * * * it does not constitute error." State v. Tay-

lor, 293 Mo. 210, 223, 238 S.W. 489, 493 (7); State v. Citius, supra, 56 S.W.2d loc.cit. 76. See Supreme Court Rules 24.-11, 26.04, 27.19(a) (4) and 36.02.

In the instant case, the information charged and the evidence showed defendant's *continuing* failure to provide for his wife during the period from January 13, 1954, to the date of the filing of the information, to-wit, July 9, 1954. Thus, a *specific* date or time was *not* of the essence of the offense charged. Compare State v. Childers, Mo., 268 S.W.2d 858, 861(6); State v. Proffer, Mo., 159 S.W.2d 681, 683 (6); State v. English, Mo., 228 S.W. 746, 749(4). Contrast State v. Chittim, Mo., 261 S.W.2d 79, 80(1); State v. Taylor, 345 Mo. 325, 133 S.W.2d 336, 342(10); State v. Campbell, 324 Mo. 249, 22 S.W.2d 645. And, although the date of the filing of the information was not the subject of any particular proof or testimony, defendant's counsel referred to July 9, 1954, in direct examination of his client and, in an objection on cross-examination, stated "that is the date of this charge here, I believe from January 13 until July 9, 1954." In short, the record indicates an apparently general understanding that defendant was charged with nonsupport of his wife during the period from January 13 to July 9, 1954; and, after thorough examination of the record, we are satisfied that, although not a model to be approved for future use, instruction 1 in no way prejudiced the substantial rights of defendant and thus does not constitute reversible error. Compare State v. Gould, 261 Mo. 694, 170 S.W. 868, 870(5).

Passing to defendant's next assignment of error, we are not convinced that the evidence pertaining to the two minor children should have been excluded, *even if* timely objections thereto had been made. For, although defendant was charged with nonsupport of his wife and not of his children, it might be argued plausibly that the evidence pertaining to the children, and particularly that as to the wife's pregnancy during the period under consideration, shed light upon the wife's needs and requirements. However, we need not and do not pass upon the relevancy of this evidence, for the transcript presented on appeal, which we must take as it comes to us [Bennett v. Wood, Mo., 239 S.W.2d 325, 327(2); State v. Pogue, Mo. App., 282 S.W.2d 582,], shows that all objections to such testimony were interposed *after the questions had been answered* and that there were no motions to strike the answers now said to have been objectionable. It is plain that, under such circumstances, the trial court cannot be convicted of reversible error. State v. Demaggio, Mo., 152 S.W.2d 71, 72(2); State v. Busch, 342 Mo. 959, 119 S.W.2d 265, 269–270(11); State v. Revard, 341 Mo. 170, 106 S.W.2d 906, 909 (8); State v. Ransom, 340 Mo. 165, 100 S. W.2d 294, 297(5); State v. Pierson, 337 Mo. 475, 85 S.W.2d 48, 56(10); State v. Austin, Mo., 29 S.W.2d 686, 687–688(7).

Defendant's complaint that the trial court erred in admitting evidence as to defendant's promise in June, 1954, that he would pay $40 per month for his wife's support is without merit, for the record shows that *there was no objection* to Velma's testimony on this subject. State v. Gaines, Mo., 261 S.W.2d 119, 124(4, 5); State v. Tillett, Mo., 233 S.W.2d 690, 692 (5).

Defendant further complains that the trial court erred in sustaining an objection in his cross-examination of Mrs. Peggy Kaeshoefer concerning Velma's earnings from employment at a factory in Licking during the first part of 1954. The objection should have been sustained because, by the plain and unambiguous language of our present statute [Section 559.-350, as amended Laws of 1953, p. 424], whether a wife or a child "shall actually suffer physical or material want or destitution" is no longer a material issue in a case of this character, and the state is not now required to show actual need as was necessary under earlier statutes. See State v. Ball, supra, 157 S.W.2d loc.cit. 263(2), and cases there cited. However, it is not suggested in the instant case how defendant could have been prejudiced by the rul-

658

ing under consideration, since witness Kaeshoefer already had testified fully concerning Velma's employment and earnings, and all of that evidence, received without objection, remained in the record; and, in any event, defendant is in no position to complain on appeal, because there was no offer to prove what additional testimony, if any, the witness would have given. State v. Biswell, 352 Mo. 698, 179 S.W.2d 61, 66 (7); State v. Pease, Mo., 133 S.W.2d 409, 413(3); State v. Blakely, Mo., 24 S.W.2d 1020, 1023(5); State v. Carey, 313 Mo. 436, 282 S.W. 22, 25(8).

■■■■ Defendant also assigns error in that the trial court overruled defendant's objection to the comment in the closing argument of the prosecuting attorney that "it is up to you to believe whether he (defendant) knew she (Velma) was with child or not." It is stated generally that the trial judge may exercise a sound discretion in controlling the arguments of counsel [State v. Graves, 352 Mo. 1102, 182 S.W.2d 46, 57 (30); State v. Willhite, Mo., 159 S.W.2d 768, 769(4)], and more specifically that a prosecuting attorney has a right to comment on the evidence and the credibility of the witnesses from the state's viewpoint, and that whether such comments are prejudicial in any given instance rests largely within the sound discretion of the trial court. State v. Woods, 346 Mo. 538, 142 S.W.2d 87, 90(10); State v. Johnson, 351 Mo. 785, 174 S.W.2d 139, 142(8). In the instant case, *defendant* obviously sought to raise an issue as to paternity of the second child born on October 9, 1954, not only by his own positive testimony that he had not lived with his wife after November, 1953, but also by attempting (albeit unsuccessfully) in cross-examination of the state's witnesses to show that his wife had "dated" other men after defendant had left her at her parents' home. In this state of the record, the trial judge did not abuse his discretion in overruling an objection to the mild invitation by the prosecuting attorney that the jurors pass upon the credibility of defendant's testimony on an issue of his own suggestion.

■■■■ Defendant's final complaint, without citation of authority, that "the verdict * * * is against the evidence and against the weight of the evidence" presents nothing for review. Supreme Court Rule 27.20; Section 547.030; State v. Gaddy, Mo., 261 S.W.2d 65, 67–68(3, 4); State v. Rohman, supra, 261 S.W.2d loc.cit. 72(2).

Finding no reversible error in the record presented, the judgment should be and hereby is affirmed.

McDOWELL, P. J., and RUARK, J., concur.