STATE of Missouri (Plaintiff), Respondent,

v.

Gerald POUCHER (Defendant), Appellant.

No. 29663.

St. Louis Court of Appeals.

Missouri.

June 14, 1957.

Robert A. McIlrath, Flat River, for appellant.

David ·L. Colson, Pros. Atty., Farmington, for respondent.

WOLFE, Commissioner.

The defendant was convicted of careless and imprudent driving (Section 304.010 RSMo 1949, V.A.M.S.), and his punishment was assessed by a jury at a fine of $200. He has filed no brief herein and consequently in passing upon his appeal we must look to the motion for a new trial for his assignments of error. 42 V.A.M.S. Supreme Court Rules, rule 28.02; State v. Smith, Mo., 298 S.W.2d 354; State v. Rush, Mo., 286 S.W.2d 767. No question is raised about the sufficiency of the information charging the offense, nor is there any question about the sufficiency of the evidence to sustain the conviction. The offense was properly charged and there is proof that the defendant driving his automobile at a speed of 60 or 70 miles an hour swung to his left side of the highway as he approached a bridge. He knocked down some warning markers and then struck the bridge with sufficient force to cause it to fall to the bed of the creek which it crossed.

In his motion for a new trial the defendant first assigns as error the admission in evidence of testimony about skid marks that were upon the highway. This testimony was given by an officer of the highway patrol who arrived at the scene a short time after the accident. Evidence which is relevant to any issue in trial is admissible unless there is some rule of law excluding it. State v. Medley, 360 Mo. 1032, 232 S.W.2d 519; State v. Hefflin, 338 Mo. 236, 89 S.W.2d 938, loc. cit. 945, 103 A.L.R. 1301. The skid marks on the highway by the approach to the bridge, over which no other car could have driven after the bridge fell, were described by the officer who arrived in less than an hour after the accident. This was evidence to be considered in determining the course and speed of defendant's car, which was an issue in the case. The testimony about such marks observed within a reasonable time after an accident are generally admissible. Clark v. Reising, 341 Mo. 282,

107 S.W.2d 33, loc. cit. 35; McCrary v. Ogden, Mo., 267 S.W.2d 670.

■ The motion for a new trial also charges that the court erred in allowing the prosecutor to cross-examine defendant on matters not referred to in his examination in chief. The defendant testified quite fully on direct examination about where he had been on the evening in question and the route that he took to the bridge. He said that the bridge fell as his car entered upon it. He also told about the condition in which he found his car after he got out of the hospital to which he was taken from the scene of the accident.

The first question on cross-examination which the defendant deems improper related to the route the defendant followed and he was asked if there was not a shorter route. As stated, the defendant had fully described the route of his travel so the question was well within the scope of permissible cross-examination. He was also asked about a "slow" sign near the approach to the bridge. This also was a permissible question dealing with the highway which the defendant had described. The same is true of the last question about which he complains. The defendant was asked if his car was wrecked beyond repair. He had described the condition of the car in his examination in chief.

■ The cross-examination of a defendant charged in criminal prosecutions is limited by Section 546.260 RSMo 1949, V.A.M.S., to matters referred to in his examination in chief, but this does not mean that the prosecutor is restricted on cross-examination to a review of the statements made on direct examination. Incidental inquiries are not as a general rule prejudicial and the cross-examination may cover any matter within the purview of the direct examination. State v. Hartwell, Mo., 293 S.W.2d 313; State v. Dees, Mo., 276 S.W.2d 201; State v. Brooks, Mo. App., 298 S.W.2d 511.

All of the remaining errors assigned by the motion for a new trial have to do with the closing argument of the prosecutor. Four of these deal with comments about the credibility of witnesses. The officer of the highway patrol testified in rebuttal about a statement made to him at the scene of the accident by a defense witness named Powell. He testified that Powell told him that the defendant had passed the Powell car at a high rate of speed. Powell denied making this statement. In the State's closing argument the prosecutor concluded that Powell had lied. The other assignments as to statements about the credibility of witnesses deal with the veracity of a State's witness and the weight to be accorded his testimony.

■ Counsel for the State has a right to draw conclusions, from conflicting evidence, regarding the credibility of witnesses and to comment on the truth or falsity of the testimony from the State's point of view. None of the remarks of which appellant complains went beyond this right. State v. Jackson, 336 Mo. 1069, 83 S.W.2d 87, 103 A.L.R. 339; State v. Roseberry, Mo.App., 283 S.W.2d 652.

■ The other assignments have to do with statements made in reply to counsel for the defense. The transcript of record contains only the closing argument on the part of the State so we may not consider the assignments. State v. Anderson, Mo., 254 S.W.2d 638; Hall v. Brookshire, Mo. App., 285 S.W.2d 60. It may be said, however, that the statements of which complaint has been made appear wholly proper and were so ruled by the trial court. In the absence of a showing to the contrary, correct action by the trial court is presumed. State v. Jackson, supra. In most instances the question of whether or not the remarks of counsel are prejudicial rests for determination within the discretion of the trial court. State v. Brooks, supra; State v. Roseberry, supra.

It appears that there was no reversible error, and it is the recommendation of the Commissioner that the judgment be affirmed.

PER CURIAM.

The foregoing opinion of WOLFE, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly affirmed.

RUDDY, P. J., and MATTHES and ANDERSON, JJ., concur.